**STATE ex rel. SMELZER et al. v. RYAN, Co. Treas.**

No. 14658—Opinion Filed Dec. 18, 1923.

(Syllabus.)

**Taxation—Tax Deed — What Taxes Liquidated—Current Taxes Not Delinquent.**

A tax deed, executed by the county pursuant to section 6, chap. 130, Sess. Laws 1919, for the taxes for the year 1918 and 1919, does not convey the land involved to the purchaser free and clear from the taxes for the year 1921 which were assessed but not delinquent at the date of the deed.

Error from District Court, Oklahoma County; Wm. H. Zwick, Judge.

Action by the State on the relation of A. P. Smelzer and others against M. S. Ryan, County Treasurer of Oklahoma County. Judgment for defendant, and plaintiffs bring error. Affirmed.

Chastain, Harris & Young, for plaintiffs in error.

J. K. Wright, Co. Atty., M. S. Singleton, John Howard Payne, and Lee G. Gill, Asst. Co. Atty., for defendant in error.

KANE, J. This was an action commenced by the plaintiffs in error, plaintiffs below, against the defendant in error, defendant below, praying for a writ of mandamus requiring the defendant to cancel of record the taxes for 1921, not yet delinquent, assessed against certain real estate which the plaintiffs had previously purchased from the county at a tax resale for the taxes of 1918 and 1919.

Upon trial to the court, the relief prayed for was denied, and it is to reverse this action that this proceeding in error was commenced.

The plaintiffs contend that, although the taxes assessed against the property for 1921 had not become delinquent, they became liquidated as against the plaintiffs by virtue of a deed executed pursuant to that part of section 6, ch. 130, Sess. Laws 1919 (p. 185), which provides as follows:

"And within said ten days the county treasurer shall execute, acknowledge, and deliver to the purchaser, or his assigns, a deed conveying the real estate thus resold, which deed shall expressly cancel and set aside all taxes, penalties, and interest and costs previously assessed or existing against said real estate, * * * and such deed shall vest in the purchaser and grantee of said real estate an absolute and perfect title in fee simple to said land. * * *"

While the language quoted is general in its terms, and standing alone would be susceptible of the construction contended for by counsel, we think that when it is construed in connection with the entire act of which it forms a part, it becomes fairly obvious that this was not the intention of the Legislature. The act as a whole relates to lands purchased by counties at tax sales and is entitled, "An act amending sections 7407, 7408, 7409, 7410, 7411, 7412, of chapter 72, art. 9, of the Revised Laws of the state of Oklahoma, 1910, to pay delinquent taxes, and the procedure therefor, repealing all laws in conflict therewith, and declaring an emergency."

By section 7406, ch. 72, Rev. Laws 1910, not affected by the amending act of 1919, the county treasurer is authorized, in case there are no other bidders offering the amount due, to bid off all or any real estate offered for sale for the amount of taxes, penalties, interest, and costs due and unpaid thereon. The act of 1919, as we have seen, relates solely to land purchased by the county pursuant to this act, and its purpose is to provide a means whereby the county may dispose of lands thus acquired in order that the same may again come into the

hands of private owners. Section 1 of the act provides for redemption by the owner by paying the county treasurer the amount of all taxes, penalties, interest, and costs of sale up to the date of redemption.

Section 2 provides that any person may purchase the interest of a county by paying the county treasurer the amount of taxes, penalties, interest, and costs of sale and transfer up to the date of said purchase.

Section 3 of the act provides that whenever the county treasurer shall bid off any real estate in the name of his county, he shall make a note of such bid and purchase upon his sales record, and if any real estate so purchased by the county shall remain unredeemed for a period of two years from date of sale and no person shall offer to purchase the same for the taxes, penalty, and costs due thereon, the county treasurer shall proceed to advertise and sell such real estate at public auction, as herein provided.

Section 4 of the act provides, in substance, that upon the sale provided for under this act the real estate involved shall be sold to the highest bidder for cash.

Now, as we view it, the part of section 6, supra, which declares, in effect, that the tax deed shall cancel and set aside all taxes, penalties, interest, and costs previously assessed or existing against such real estate, relates exclusively to the delinquent taxes, penalties, interest, and costs, for the extinguishment of which the resale was had.

It will be noticed that in case of redemption by the owner or purchase by a third person, pursuant to sections 1 and 2, all taxes, penalties, interest, and costs of same must be paid. But, in the case of a sale to the highest bidder for cash, the bid extinguishes the entire taxes, penalties, interest, and costs assessed against the property for the particular year, even though the amount thereof was less than the actual amount due. This, we think, is the only bonus or premium the Legislature intended to extend to purchasers at a resale, unless the county for want of bidders was compelled to purchase again. In that event, section 5 of the act provides that the county treasurer shall bid off the land offered for resale in the name of the county for the amount of taxes, penalties, and costs due thereon, and thereafter said property shall be exempt from ad valorem taxes so long as title is held by the county.

In our judgment, the term "taxes, penalties, interest, and costs of sale," or its equivalent, so often used in the various sections of the act, always relates to the taxes, penalties, interest, and costs for the years for which the resale was had, and does not relate to current taxes subsequently assessed against the property and not yet delinquent.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, COCHRAN, and MASON, JJ., concur.