SHNIER v. VAHLBERG, County Treas., et al.

No. 30000. Feb. 18, 1941.

*110 P. 2d 593.*

472

Twyford & Smith and William J. Crowe, all of Oklahoma City, for plaintiff in error.

Lewis R. Morris, County Atty., and B. C. Logsdon, Asst. County Atty., both of Oklahoma City, for defendants in error.

HURST, J. Plaintiff Shnier purchased four vacant lots in Oklahoma City at the 1939 tax resale. While the record does not disclose when the property was sold at original sale, the briefs disclose that it was sold for the 1935 delinquent taxes, and we assume it was sold at the November, 1936, delinquent tax sale. The property was not sold at the November delinquent tax sales held in 1937 and in 1938. At the time of the 1939 resale, the taxes for 1936 and 1937 and three-fourths of the taxes for 1938 were delinquent. Chapter 86, S. L. 1933, 68 O. S. A. § 351. The record is silent as to whether the resale notice contained any reference to the delinquent taxes for 1936, 1937, and 1938. The county treasurer, after the 1939 resale, refused to cancel the delinquent taxes, interest, and penalties for 1936, 1937, and the first three-fourths of the taxes for 1938, and Shnier filed this action to cancel, and to quiet his title as against, the same.

The sole question for determination is whether, under the facts above stated, the resale and the deed issued pursuant thereto had the effect of canceling the delinquent taxes, interest, and penalties for the years 1936, 1937, and the portion of the 1938 taxes that was delinquent. The plaintiff contends that this question should be answered in the affirmative; while the county makes a contrary contention. The answer depends upon a proper construction of the applicable sections of the 1939 resale law, art. 31, ch. 66, S. L. 1939, under which the property was sold.

Section 1 of the act requires the county treasurer to hold an annual resale of "real estate purchased by the county at delinquent tax sale," if such real estate "shall remain unredeemed for a period of two years from date of sale, and no person shall offer to purchase the same for the *taxes, penalty* and *costs due* thereon." (Italics ours.)

Section 3 requires the notice of resale to contain a statement of "the year or years for which taxes have been assessed but remain unpaid," and also "the *total amount of all delinquent taxes, costs, penalties, and interest accrued, due and unpaid.*" The section also provides that, "it shall be sufficient to publish the total amount of all due and unpaid taxes, penalties, interest, and costs," without giving the amount due for each year separately. (Italics ours.)

Section 5 requires that all property, except vacant lots in any city or town, "be sold for a sum not less than two-thirds the assessed value of such real estate as fixed for the current fiscal year or for the *total amount of taxes, penalties, interest, and costs due* on such property, whichever is the lesser." This section also requires that property bid off in the name of the county "shall be for the amount of *all taxes, penalties, interest, and costs due thereon.*" (Italics ours.)

Section 7 provides that "the issuance of such deed *shall effect the cancellation and setting aside of all delinquent taxes, assessments, penalties and costs previously assessed or existing* against said real estate and of all outstanding individual and county tax sale certificates; and shall vest in the grantee an *absolute and perfect title in fee simple* to said lands." (Italics ours.)

The county contends that since the property was not sold to the county at the 1937 and 1938 delinquent tax sales, the county had no lien "sold" to it for the 1936 and 1937 taxes which could be included in the resale. It criticizes the decisions in State v. Moore, 78 Okla. 164, 189 P. 511, and State v. Ryan, 96 Okla. 216, 221 P. 761, which hold that where the county becomes the purchaser at a delinquent tax sale, for lack of bidders, it is not necessary to sell the land for subsequent delinquent taxes to give the county a lien for such subsequent taxes. We do not deem it necessary to further consider the question, in view of the provision of section 12723, O. S. 1931, 68 O. S. A. § 353, that "taxes upon real property are hereby made a perpetual lien." This lien exists regardless of whether property is sold at the delinquent tax sale held in November. That sale is merely a necessary step in the process of collection of the tax and foreclosing the lien, for without it the treasurer has no authority to issue a tax-sale certificate on the land or to sell it at resale.

For what ad valorem taxes, then, is the property advertised and sold at resale? We think the answer is found in the quoted statutory provisions. It is for all the ad valorem taxes that are delinquent as of the date when the resale notice should be first published (ch. 86, S. L. 1933, 68 O. S. A. § 351), and for which it is the duty of the treasurer to advertise them in the resale notice. Said sum would of course include the accumulated interest, penalties, and costs. And under section 7 of the act, such delinquent taxes, penalties, interest, and costs are canceled by the resale, and the resale deed vests in the "grantee an absolute and perfect title in fee simple," free from all such delinquent taxes, interest, penalties, and costs. Any other holding would be contrary to the legislative intent plainly expressed in the statute and would discourage rather than encourage the purchase of property at the resale. Few persons would care to carefully check all prior tax records to be sure that they would not be taking title burdened with such back taxes. The title thus acquired is a new, independent, paramount fee-simple title from the state. It is the foundation or commencement of a new chain of title. Taylor v. Lawrence, 176 Okla. 75, 54 P. 2d 634; 61 C. J. 1308, § 1828; Cooley, Taxation (4th Ed.) § 1492. The term "delinquent taxes," as used in said statute, means taxes authorized by law, levied upon taxable property, remaining unpaid after the time appointed for the payment of the same. Muskogee Times Democrat v. Board of County Commissioners, 76 Okla. 188, 184 P. 591.

Although the record is silent on the question, we think it is immaterial in the instant case whether the treasurer did or did not include in the resale notice the full amount of the taxes, interest, penalties, and costs due and delinquent, as was his duty to do. He could not, by failing to perform this duty, defeat the operation of the law as to the effect of the deed.

We have carefully examined the authorities referred to in the briefs of both parties and find them of little or no assistance, and it would serve no useful purpose to cite or refer to such authorities in this opinion. The meaning of the quoted provisions of our statute is clear.

What we have said applies only to sale of vacant city or town lots for ad valorem taxes. We decline to discuss by obiter dictum the effect of such statute as applied to special assessments or improved property, as requested by the county.

Reversed, with directions to cancel and set aside said delinquent taxes, interest, penalties, and costs assessed against the four lots involved herein.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. GIBSON, J., dissents.