HENSHAW v. MORRIS et ux.

No. 30205. Nov. 12, 1941.

*119 P. 2d 85.*

604

E. F. Maley and Milner & Rainey, all of Okmulgee, for plaintiff in error.

P. A. M. Hoodenpyl, of Okmulgee, for defendants in error.

HURST, J. This action involves the title to two lots in the city of Okmulgee, which formerly belonged to Lula Morris, deceased wife of the plaintiff John Morris. The property was sold at the 1931 resale to Okmulgee county for $177.07. On February 12, 1940, the lots were conveyed to the defendant R. F. Henshaw by a county commissioners' deed. The consideration paid by Henshaw for the two lots and three others was $50. The cause was commenced by John Morris against A. E. Kennedy in 1937, and after Henshaw acquired title the plaintiff filed an amended petition joining as a coplaintiff his present wife (Lula Morris having died in 1935) and making Henshaw a party defendant and seeking to quiet title as against his claims. Kennedy made no defense. Henshaw, by his answer and cross-petition, set up his claim of title under the commissioners' deed, and asked that his title be quieted. The plaintiff filed a reply alleging that Henshaw has no title for the reason that the resale to Okmulgee county is void, (1) because the property was in fact not sold originally in 1928 as stated in the resale notice and in the resale deed; and (2) because there were some illegal items in the tax levies for which the property was sold.

At the trial it developed that the property was actually sold at the November, 1927, delinquent tax sale and not at the 1928 sale as stated in the resale notice and resale deed. The court entered judgment for plaintiffs, quieting title against Henshaw and Kennedy, but requiring the plaintiffs to pay the $50 paid by Henshaw for the property, and also requiring plaintiffs to pay the costs. Henshaw appeals.

1. We are of the opinion, and hold, that the error in the resale notice and the resale deed as to the date of the original sale is not fatal to the resale deed. The same constituted a mere irregularity, which, under the terms of sections 12760 and 12761, O. S. 1931, 68 O.S.A. §§ 452 and 453, is not sufficient to defeat the deed. The applicable portion of said section 12760 is as follows: ". . . to defeat the deed it must be clearly plead and clearly proven that some one of the above named six requisites was wholly omitted and not done and a showing that any one or all of them was irregularly done will not be sufficient to defeat the deed." Section 12761 requires the person attacking the tax deed, in addition to doing certain things, to prove that there was an "entire failure to do some one or all the things of which the tax deed is made presumptive evidence." One of the six requisites mentioned in said section 12760 is "that the property was sold for taxes, as stated in the deed, and was duly advertised before being sold." Here it is not contended that there was a total failure to advertise or sell the property at an original tax sale held more than two years prior to the resale. The provisions of sections 12760 and 12761 apply to resale tax deeds as well as to certificate tax deeds (Winters v. Birch, 169 Okla. 237, 36 P. 2d 907) and the error in the resale notice is cured by the quoted portions of said sections 12760 and 12761. See Swearingen v. McCartan, 186 Okla. 241, 96 P. 2d 1061. While the attack

here is on the title of Henshaw, who claims under a commissioners' deed, yet the same involves the validity of the resale deed to Okmulgee county.

2. Assuming the correctness of the contention of the plaintiffs that there were some illegal items in the tax levies for which the property was sold, it does not follow that the tax title held by Okmulgee county, and conveyed to Henshaw, is thereby rendered invalid. The questioned levies are for the fiscal years 1925-1926, 1926-1927, and 1927-1928. It, therefore, does not appear that any of them were made after August 7, 1928, the effective date of section 12306, O. S. 1931, 68 O.S.A. § 332. Section 12665, O. S. 1931, 68 O.S.A. § 263, however, was then in force, and it afforded the aggrieved taxpayer an exclusive remedy against an illegal tax levy. It was to timely pay the tax and sue to recover the illegal portion. The plaintiff could not question the validity of the levy by an attack upon the tax sale. See Cheney v. Cox, 125 Okla. 108, 256 P. 755.

Furthermore, section 12760 makes the deed presumptive evidence "that the taxes were levied according to the law." Since there was not an entire failure to make the tax levy, the curative provisions of sections 12760 and 12761, above referred to, render any irregularity in the tax levy immaterial in an action to cancel the tax deed.

We find it unnecessary to discuss the question of the failure of the trial court to enforce the tender statutes, or the right of the plaintiffs to maintain the action.

Reversed, with directions to enter judgment for the defendant Henshaw quieting his title and awarding him possession of the two lots.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur.