THOMPSON et al. v. TILLMAN.

No. 30356. Sept. 29, 1942.

*129 P. 2d 576.*

Twyford & Smith and William J. Crowe, all of Oklahoma City, for plaintiffs in error.

Fred E. Suits, of Oklahoma City, for defendant in error.

HURST, J. This is an action by the plaintiff, Emma Hurt Tillman, against the defendants, Temple G. Thompson and A. L. Routledge, to quiet title to a portion of two lots. The defendants claim title under a resale tax deed issued pursuant to the resale held in April, 1939. They filed an answer setting up their title and asking that the same be quieted as against the claims of plaintiff. From a judgment against them, defendants appeal.

The lots in question are improved property in Oklahoma City and were assessed for $325 for the year 1939. The taxes for the years 1935, 1936, 1937, and three-fourths of the year 1938 were delinquent and unpaid at the time of the first publication of the resale notice. The total amount due and delinquent at that time and which should have been included in the notice, and for which the property should have been sold (68 O. S. 1941 § 432b; Shnier v. Vahlberg, 188 Okla. 471, 110 P. 2d 593), was $71.60, but in calculating the amount due, and for which the property was to be sold, the county treasurer included in the notice only the amount due on the 1935 taxes in the sum of $18.90. The defendant Thompson purchased the property at the resale for $35, and later sold it to the defendant Routledge.

68 O. S. 1941 § 432d provides:

". . . Vacant lots in any city or town, or in any addition to a city or town, may be sold for any amount that is the highest amount bid therefor, and if

there is no bid thereon the county treasurer shall bid off the same in the name of the county. All other property must be sold for a sum not less than two-thirds of the assessed value of such real estate as fixed for the current fiscal year or for the total amount of taxes, penalties, interest and costs due on such property, whichever is the lesser; and if there is no bid equal to or greater than the sum so required, the county treasurer shall bid off the same in the name of the county. . . ."

It will thus be seen that the property was sold at resale for a sum less than the amount specified in said section, and the question presented is whether for that reason the sale is void. We think the question must be answered in the affirmative.

The purpose of the requirement is to protect the public revenue and to deprive the county treasurer of authority to accept a bid, or sell real estate, for less than the sum specified. The treasurer cannot defeat the purpose of the law by advertising the property for less than the amount due. It is the assessed value or the actual amount due and delinquent, not the amount for which the property is advertised, that fixes the minimum price for which the property may be sold.

Section 12755, O. S. 1931, 68 O. S. A. § 414, contained a provision similar to that quoted above, and this court has consistently held that because of said provision a sale for a sum less than the amount required is void. See Oldham v. Tucker, 188 Okla. 13, 105 P. 2d 757, and cases there cited.

The question as to whether, if the property had been sold for as much as the statute requires, the sale would have been invalid because the advertisement was for less than the total amount due and delinquent is argued by the parties, but we need not and do not here decide that question.

Affirmed.

OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and RILEY, J., absent.