CHANDLER-FRATES CO. v. PARKINSON, County Treas.

No. 30881. May 11, 1943.

*137 P. 2d 573.*

C. R. Thurlwell, of Tulsa, for plaintiff in error.

Dixie Gilmer, County Atty., and William M. Taylor, Asst. County Atty., both of Tulsa, for defendant in error.

GIBSON, V. C. J. This is an action by the owner and holder of a resale tax deed against the county treasurer of Tulsa county to recover certain ad valorem taxes theretofore assessed against the realty by the county, and paid by plaintiff under protest. Judgment was for defendant, and plaintiff appeals.

Plaintiff's deed was issued by the county treasurer pursuant to the regular tax resale of May, 1941 (68 O. S. 1941 §§ 432-432k). The assessment against the property as of January 1, 1941, for the fiscal year 1941-1942, remained undisturbed on the assessment rolls, and the levy completed. Plaintiff paid the taxes for that year under protest and now seeks to recover the amount so paid (68 O. S. 1941 § 15.50).

The question here presented is whether the resale tax deed canceled the 1941 assessment on the property.

Plaintiff relies on section 432f of the resale statutes, supra, to support its theory that the 1941 assessment and the taxes levied thereon were canceled by the deed. That section, after providing for the execution of the deed by the treasurer and delivery thereof to the purchaser, continues with the following statement:

"The issuance of such deed shall effect the cancellation and setting aside of all delinquent taxes, assessments, penalties and costs previously assessed or existing against said real estate."

Plaintiff says that since all property in the state is assessed for ad valorem taxation as of January 1, each year (68 O. S. 1941 § 15.6), the 1941 assessment in the instant case was within the contemplation of the foregoing provision of section 432f, and by reason thereof the issuance of the resale deed served to cancel said assessment, thus removing the property from the tax rolls for the fiscal year 1941-1942.

It is asserted that the taxable status of property does not change within the year after January 1st, notwithstanding the assessment may not be completed and the levy made until some later date; that the completion thereof relates back to January 1st. Board of Com'rs v. Central Baptist Church, 136 Okla. 99, 276 P. 726. In the face of that situation, said plaintiff, section 432f, providing as it does that the issuance of the deed shall effect the cancellation of all assessments previously existing, clearly was intended to include the assessment made as of January 1st next preceding the issuance of the deed.

This is the first time the particular question has been presented to this court.

We have heretofore held that the resale deed issued pursuant to the foregoing statute cancels all the "taxes, interest, penalties and costs that were delinquent at the time the resale notice should have been first published and, that were assessed subsequent to the time at which the property was purchased by the county at delinquent tax sale." Shnier v. Vahlberg, 188 Okla. 471, 110 P. 2d 593. That statement clearly referred only to delinquent taxes, etc., thus restricting the canceling effect of the deed to such taxes, interest, penalties and costs that were delinquent at the time mentioned. The case did not involve an assessment, such as the present one, upon which no levy had been made, nor on which a delinquent tax had accrued at the time the notice of sale was published.

But in that case the court did clearly define the effect of the resale deed with respect to cancellation of taxes. The second paragraph of the syllabus by the court reads as follows:

"The grantee in a resale tax deed, issued pursuant to the resale held under the 1939 tax resale law (art. 31, ch. 66, S. L. 1939) secures a new and independent fee-simple title free from all ad valorem taxes, interest, penalties,

and costs, delinquent on the date when the resale notice should be first published, under the statute providing that 'the issuance of such deed shall effect the cancellation and setting aside of all delinquent taxes, assessments, penalties and costs previously assessed or existing against said real estate and of all outstanding individual and county tax sale certificates; and shall vest in the grantee an absolute and perfect title in fee simple in said lands.'"

Though the rule as stated makes no specific reference to assessments which are made immediately prior to the sale, and to support tax levies for the ensuing fiscal year, the holding amounts to a definite expression by the court concerning the limitations of the resale deed with respect to the cancellation of taxes and related charges, and to that extent it is of some weight here.

The foregoing decision was reached after careful analysis of the resale statute. The court was very careful to restrict cancellation to delinquent taxes and charges.

Applying here the reasoning employed in that case, we are not to escape the conclusion that the statute contemplates cancellation only of those "taxes, assessments, penalties, and costs" that remain delinquent at the time the notice of the resale should be first published, and does not include within its classification those current assessments upon which levies have been, or are yet to be, made for the support of the government for the ensuing fiscal year.

That portion of section 432f, supra, which says "the issuance of such deed shall effect the cancellation and setting side of all delinquent taxes, assessments, penalties, and costs previously assessed", clearly referred only to delinquencies. The word "delinquent" had reference to each and every tax and charge specifically designated in the clause, and was complementary thereto. Such was the clear intent expressed in the resale statute.

The judgment is affirmed.

CORN, C. J., and OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.