BRAMBLE et al. v. CAYWOOD.

No. 30442. Feb. 8, 1944.

Rehearing Denied March 7, 1944.

*146 P. 2d 587.*

Anton Koch, of Henryetta, for plaintiffs in error.

L. B. Norton and W. E. Foster, both of Henryetta, and L. L. Cowley and Milner & Rainey, all of Okmulgee, for defendant in error.

T. Murray Robinson, of Oklahoma City, amicus curiae.

Harry Pitchford, Chas. B. McCrory,

and G. R. Horner, all of Okmulgee, amici curiae.

RILEY, J. Sam Caywood sued C. F. Bramble and wife in ejectment and to quiet title to certain real estate, being an improved lot located in the city of Henryetta. The lot was sold to the county for delinquent taxes in November, 1933. In the absence of redemption, the lot was advertised for resale in 1939 for the amount of $549.42, including penalties, interests and costs. Three-fourths of the 1938 taxes against the land were not paid at that time, and the amount thereof was not included in the notice of resale. On default of bidders, the property was bid in in the name of the county for the full amount of taxes, etc., shown in the return to be $549.42. Resale tax deed was issued to the chairman of the board of county commissioners. On April 10, 1940, plaintiff offered to purchase the lot from the county for $56. After notice as provided by law, upon default of other bidders, the bid was approved and a commissioners' deed was issued and recorded on May 22, 1940.

Defendants had purchased the property in 1929 and went into possession at the time. Defendants' deed was not placed of record until June, 1940. Defendants tendered, by answer, the full amount paid by the plaintiff for the commissioners' deed. At the trial defendants tendered in open court the full amount of taxes, penalties, interest, and costs. The trial court held plaintiff's title good, and defendants appeal.

There is some contention that the commissioners' deed to plaintiff is void for the reason that he paid less than two-thirds of the appraised value of the property and less than the full amount of delinquent taxes, penalties, interest, and costs assessed and due against the land.

Under Title 68 O. S. 1941 § 432j, property acquired by a county under the provisions of the resale tax laws may be sold by the treasurer after notice by publication at such price as may be approved by the board of county commissioners. There was full compliance with the statutory provisions in this respect.

The principal contention is that the resale deed to the county is void for the reason that the land was bid in by the county for less than the total amount of taxes, penalties, interest, and costs delinquent and unpaid at the time of resale, and for the further reason that the county treasurer failed to attach a copy of the notice of resale to his return of sale. Failure to attach a copy of the notice of sale to the return of sale will not invalidate a sale when it is shown that notice by publication was actually made. Rucker et al. v. Burke et ux., 170 Okla. 243, 39 P. 2d 6. The record in this case discloses that advertisement adequate as to time was actually made.

Title 68 O. S. 1941 § 432d requires that improved real estate within a city or town, if sold to an individual at resale, must sell for a sum not less than two-thirds of the assessed value as fixed for the current fiscal year, or the total amount of taxes, penalties, interest, and costs due and delinquent, whichever is the lesser. But if no individual bids such amount, the law directs that the county treasurer bid the same in in the name of the county, and that all property bid off in the name of the county shall be for the amount of all taxes, penalties, interest, and costs due thereon. In this case, the lot was bid off in the name of the county for $549.42, the amount of taxes, penalties, interest, and costs as shown in the notice of resale. The question then arises: Was the notice sufficient as to amount of taxes, penalties, interest, and costs against the property so sold? Title 68 O. S. 1941 § 432b requires such notice to contain:

" . . . the total amount of all delinquent taxes, costs, penalties and interest accrued, due and unpaid on the same, . . ."

The last quarter of the 1938 taxes did not become delinquent until May 1, 1939, under Title 68 O. S. 1941 § 351. Moreover, by section 1, art. 29, ch. 66, Session Laws 1939, page 541 (68 O. S.

1941 § 351), effective March 7, 1939, the delinquent date for 1938 taxes was apparently advanced to July 1, 1940, if the land involved was a homestead as defined in House Bill No. 3, Extraordinary Session of the 16th Legislature, 1936-37 Session Laws, page 52. Therein a homestead as used in said act is declared to mean and include the actual residence of a natural person who is a citizen of the State of Oklahoma; provided, the record actual ownership of such residence be vested in such natural person residing and domiciled thereon. The evidence brings the defendants' land within such definition unless the fact that defendants' deed thereto was not of record excludes the lot therefrom. Therefore, there is grave doubt whether any of the 1938 taxes against the land were delinquent in 1939. It is apparent that it was not the legislative intent as declared by its act to have included the three-fourths of the 1938 ad valorem taxes in the otherwise total amount of the taxes, penalties, etc., for which said property should be sold at the resale held in 1939.

The county treasurer apparently so construed the law in that the notice of resale stated:

"All properties listed herein sold subject to special improvement assessments and 1938 ad valorem taxes not shown."

Under Title 68 O. S. 1941 § 432h, a resale tax deed valid on its face, executed in substantial compliance with Title 68 O. S. 1941 § 432g, is prima facie evidence that the property was legally sold at resale to the grantee named in said resale deed and was duly advertised before being sold, and that all proceedings, notices, and duties required of and imposed by law prerequisite to vesting authority in the county treasurer to execute such deed had been followed, given, complied with, and performed. But see Welborn et al. v. Whitney et al., 190 Okla. 630, 126 P. 2d 263, as to time required for publication notice under prior statute, article 31, ch. 66, sec. 9, p. 551, Session Laws 1939;

and Rucker et al. v. Burke et ux., supra.

Said section further provides that:

" . . . To defeat the deed it must be clearly plead and clearly proven that one or more of the essential prerequisites to the vesting of authority in said county treasurer to execute such deed was wholly omitted and not done; and a showing that one or more of said prerequisites was irregularly done shall not be sufficient to defeat the deed."

The omission to include in the notice of sale the first, second, and third installments of the 1938 taxes, even if contrary to the directory provisions of the statute, constituted, at most, an irregularity, and certainly did not constitute a failure to advertise the land for sale for taxes, interest, penalties, and costs due and delinquent. Consequently, such advertisement and sale was a substantial compliance with the law, and there was no essential prerequisite wholly omitted. Davis v. Fariss, 180 Okla. 125, 68 P. 2d 417; Chamberlain et al. v. Davis, 191 Okla. 457, 130 P. 2d 848.

We are not unmindful of the holding of this court in Pimm v. Waldron et al., 118 Okla. 5, 244 P. 37; Mahoney v. Barton, 168 Okla. 586, 35 P. 2d 443; Deneen et al. v. Gillespie, 180 Okla. 342, 70 P. 2d 1078; Oldham, Adm'r, v. Tucker, Adm'r, 188 Okla. 13, 105 P. 2d 757; Chiles v. Packnett, 191 Okla. 291, 129 P. 595; and Thompson et al. v. Tillman, 191 Okla. 305, 129 P. 2d 576.

These cases were all decided without reference to the provisions in the statute as to what showing is necessary in order to defeat a resale tax deed valid on its face. As applied to a sale of vacant city or town lots, in Shnier v. Vahlberg, County Treasurer, et al., 188 Okla. 471, 110 P. 2d 593, it is said:

"Although the record is silent on the question, we think it is immaterial in the instant case whether the treasurer did or did not include in the resale notice the full amount of the taxes, interest, penalties, and costs due and de-

linquent, as was his duty to do. He could not, by failing to perform this duty, defeat the operation of the law as to the effect of the deed."

It is there held that the effect of the deed was to cancel and set aside all delinquent taxes, interest, penalties, and costs. We see no reason why the same rule should not apply here. If the resale deed is valid, all the delinquent taxes, interest, penalties, and costs are canceled by the deed. On the other hand, if the deed is void, none of the taxes, interest, penalties, and costs would be canceled. They would still stand against the land and defendants would be required to tender and pay the full amount thereof.

The omission to include the amount of three-fourths of the 1938 taxes as delinquent, if they were in fact delinquent, was a mere irregularity and not a total omission to comply with the provisions of Title 68 O. S. 1941 § 432h, providing for notice of resale. This being true, the judgment should be affirmed except for one matter which should be considered. Swearingen v. McCartan et al., 186 Okla. 241, 96 P. 2d 1061.

The uncontradicted evidence is that in May, 1939, which was about one month after the resale, defendant went to the county treasurer in an effort to redeem the land, and made some sort of a tender. Defendant C. F. Bramble testified and while so doing the record shows the following:

"The Court: I believe you stated something about a tender being made? Mr. Koch: (continuing) Q. You tender the amount of the taxes in open court? The Court: I understood you to say he made a tender? The Witness: Yes, as soon as I came back from Kansas, and found out it was sold. Mr. Norton: What month? The Witness: I don't know. Mr. Koch: He came back about a month after the sale. The Court: In May, 1939? The Witness: That's right. Mr. Koch: (continuing) Q. About May, 1939, you went up and tendered that money? A. Yes, sir. The Court: How much? The Witness: Figured the whole amount, he said $59 or $69; he figured it up and

I offered it, wouldn't take it. The Court: The taxes? The Witness: The amount it sold for, I think."

Section 14, art. 31, ch. 66, Session Laws 1939 (Title 68, sec. 432, O. S. 1941), provides that any person having a legal or equitable interest in any real estate sold at the 1939 tax resale may redeem the same by paying to the county treasurer, on or before December 1, 1939, the full amount for which such property was sold, if sold to the county, plus penalty and interest at the rate of 1% per month.

In Koehn et al. v. Fluman, 191 Okla. 71, 126 P. 2d 1002, where the land was sold to the county at the April, 1939, resale, and later sold to an individual at county commissioners' sale, before December 1, 1939, we held that the former owner who attempted in good faith to redeem the land before December 1, 1939, by offering the county treasurer an amount sufficient for redemption, and the county treasurer refused to accept same and issue redemption certificate, was entitled to judgment redeeming the lot from tax sale and canceling the resale tax deed and canceling the county commissioners' deed.

If in this case defendant in good faith in May, 1939, tendered to the county treasurer the full amount for which the property was sold to the county at resale in April, 1939, and the county treasurer refused to accept same, defendant is still entitled to redeem said land.

We are not willing to say under the the record that such tender was or was not made. The uncontradicted evidence is that defendant made some sort of tender to the county treasurer in May, 1939. It is not clear just what he did tender. When asked how much he tendered, he stated that it was figured up and the county treasurer told him the amount was about $59 or $69. This would indicate that the tender was possibly the amount which plaintiff paid for the commissioners' deed, which was $56. This could not be true, however, if the tender was in fact made in May,

672

1939, for the commissioners' deed had not then been issued and was not issued until May, 1940. Again, it may be possible that the tender was the amount for which the land originally sold for delinquent taxes. That was shown to be about $56.

The witness was apparently confused and was mistaken as to the year in which he made the tender or as to the amount or extent of the tender. The fact remains that the witness testified without contradiction that he made a tender and apparently in good faith attempted to redeem his land in May, 1939. The witness may have been somewhat confused so that he did not make it clear what tender was actually made. Under the record we think that justice would be best served by remanding the case with directions to the court to take such additional evidence as the parties may produce on the question of when, if at all, the tender was made, and the amount thereof; that the court hear and consider such evidence, and if it is found from such evidence that defendant in good faith tendered to the county treasurer, before December 1, 1939, the full amount for which the property was sold to the county at the resale, plus penalties and interest at the rate of 1% per month, that judgment be entered for defendant, as above indicated, on condition that defendant keep and make good such tender and also tender all subsequent delinquent taxes, interest, penalties, and costs; that if the court does not find that sufficient tender in good faith was actually made or is fulfilled, then judgment be entered for the plaintiff in substance as in the original judgment.

Remanded, with directions.

CORN, C. J., and OSBORN, BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur. DAVISON, J., concurs in conclusion. GIBSON, V.C.J., dissents.