GRISSO v. ELLIS et al.

No. 30339. May 9, 1944.

Rehearing Denied Nov. 21, 1944.

*153 P. 2d 104.*

Hatcher & Bond, of Chickasha, for plaintiff in error.

Fred W. Martin, of Wagoner, for defendants in error.

RILEY, J. W. E. Grisso, record owner of land in Grady county, sought to quiet title to his lands and by the judgment failed.

Defendants' title to the lands rests upon a resale tax deed, dated May 17, 1938, executed and delivered to the chairman of the board of county commissioners of Grady county and a commissioner's deed executed and delivered to Lucian Erwin on September 6, 1938, and mesne conveyances to Johnson et al.

The land was advertised and sold for taxes due and delinquent for the years 1932-1936, inclusive, in the total amount of $268.55.

Three-fourths of the 1937 ad valorem taxes were not included in the notice of sale, but the record before us shows that the total of all taxes, penalties, interest, and. costs shown by the county treasurer's record for which the land was sold was in fact $3.22 less than the sum for which the land was advertised and sold. However, the amount of costs for advertisement was not known to the sole witness, the county treasurer, who testified at the instance of plaintiff. It is possible that the discrepancy of $3.22 was the cost of publication of notice of sale. The trial court sustained a demurrer to the evidence of plaintiff, quieting title in defendants, and awarded possession accordingly, together with judgment for rental value, based on evidence, in the sum of $116.67 during the period of plaintiff's withholding possession.

Our decision herein is based upon our decision in Bramble et al. v. Caywood, 193 Okla. 668, 146 P. 2d 587, and the applicable part of the syllabus in that. case is adopted herein.

Affirmed.

CORN, C. J., and BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur. GIBSON, V.C.J., and. OSBORN and DAVISON, JJ., dissent.