HIGHT v. COLLINGSWORTH.

No. 31086. May 9, 1944.

Rehearing Denied Nov. 21, 1944.

*153 P. 2d 96.*

508

Leo G. Mann and C. J. Brown, both of Oklahoma City, for plaintiff in error.

Twyford & Smith and William J. Crowe, all of Oklahoma City, for defendant in error.

HURST, J. The sole question for decision is whether a resale tax deed, based upon the 1939 resale, is void because the county treasurer advertised the property at the resale for less than the total amount of taxes, interest, penalties, and costs delinquent at the time of the resale.

The plaintiff, Jeanetta Collingsworth, sued to quiet title to two vacant lots in Oklahoma City. She is the former owner of the lots. The defendant acquired his title by a deed from the purchaser at the 1939 tax resale. The resale was based upon the 1935 delinquent tax sale. The amount for which the lots were advertised in the 1939 resale notice did not include the taxes for the years 1936 and 1937, and three-fourths of the taxes for the year 1938, amounting to $9.38, which were delinquent at the time of the resale. The trial court held that the resale deed is void and entered judgment for the plaintiff quieting her title, and the defendant appeals.

The defendant relies upon the provision found in the last paragraph of section 9 of the 1939 resale law, S. L. 1939, page 551, 68 O. S. 1941 § 432h, and our decisions in Shnier v. Vahlberg, 188 Okla. 471, 110 P. 2d 593, Monsour v. Vahlberg, 188 Okla. 476, 110 P. 2d 595, and Henshaw v. Morris, 189 Okla. 603, 119 P. 2d 85. The plaintiff relies upon some earlier Oklahoma cases and authorities from other jurisdictions.

The Shnier and Monsour Cases are not directly in point, though they deal with the same resale as the one here involved. They do not deal with the validity of resale tax deeds. They hold that a resale tax deed covering vacant city lots based upon the 1939 resale has the effect of canceling all delinquent taxes, even though the county treasurer did not, as here, include in the resale notice the taxes for 1936, 1937, and three-fourths of the amount due for 1938, which were then delinquent. The Henshaw Case is based upon the 1931 resale, and we there applied the curative provisions of 68 O. S. 1941 §§ 452, 453 to the contents of the resale notice.

We are of the opinion, and hold, that the defect in the resale notice now complained of constitutes merely an irregularity which is rendered immaterial by the terms of the last paragraph of 68 O. S. § 432h. Bramble v. Caywood, 193 Okla. 668, 146 P. 2d 587. It is not an essential prerequisite—a jurisdictional requirement—wholly omitted. The authorities relied upon by the plaintiff do not deal with such a statutory provision.

Reversed, with directions to enter judgment for the defendant quieting his title and awarding him possession of said lots according to the prayer of his cross-petition.

CORN, C. J., and RILEY, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. GIBSON, V. C. J., and OSBORN, J., dissent.