HOUSE v. MAINKA et al.

No. 31679. Sept. 25, 1945.

Rehearing Denied Oct. 16, 1945.

Application for Leave to File Second Petition for Rehearing Denied Nov. 27, 1945.

*163 P. 2d 225.*

Twyford & Smith and William J. Crowe, all of Oklahoma City, for plaintiff in error.

Melton, McElroy & Vaughn, of Chickasha, for defendants in error.

PER CURIAM. The question presented is the effect of including in notice of resale of real estate for non-payment of taxes a certain part of the taxes assessed, but not delinquent upon the date of the first publication of notice.

At the November, 1938, tax sale for 1937 taxes the county became the purchaser. There was no redemption and no taxes paid for 1938 to 1940, inclusive. Notice of 1941 resale was first published April 10, 1941, and included in the total of $118.29 all taxes levied for 1940. The last quarter of 1940 taxes did not become delinquent until May 1, 1941, 68 O. S. 1941 § 351. The land is farm land and was purchased at resale by an individual purchaser at a bid equaling the total amount of taxes, interest, penalties, and costs as disclosed by the notice of sale.

The notice should have excluded the last quarter of the 1940 taxes. Shnier v. Vahlberg, 188 Okla. 471, 110 P. 2d 593. The notice of resale was erroneous in that it was excessive in the sum of approximately $6, which was the portion of the 1940 taxes which had not yet become due and delinquent. That error and excessive amount in the notice for the reason indicated renders the sale invalid. See Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016.

The judgment of the trial court sustaining the validity of the resale deed is reversed, and the cause remanded, with directions to render judgment for the plaintiff; the plaintiff however, to be required to fully comply with the tender statute.

GIBSON, C.J., and RILEY, OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur. HURST, V.C.J., and BAYLESS and CORN, JJ., dissent.

WELCH, J. I concur with the conclusion here reached by reason of the rule adopted in Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016. I think that rule as to erroneous excess of amount in the notice of resale is controlling upon the facts here and compels the conclusion that this resale is likewise invalid for similar erroneous excess in the notice.

HURST, V. C. J. (dissenting). There are two reasons why I cannot agree with the majority opinion.

1. In holding that the notice of resale was fatally defective because it included the last quarter of the 1940 taxes, the majority relies upon Shnier v. Vahlberg, 188 Okla. 471, 110 P. 2d 593. That case was based upon the 1939 resale, and did not involve the validity of the sale, but only whether delinquent taxes not included in the resale notice were canceled by the resale. Section 1 of the 1939 Resale Act (68 O. S. 1941 § 432) provided that the 1939 resale should be held on the third Monday of April, and the subsequent resales should be held on the second Monday of May. At the time of the 1939 resale the last quarter of the preceding year's taxes were not delinquent (68 O. S. 1941 § 351), and it was not proper to include them in the notice, and they were not canceled by the resale. The amount due at the time of the first publication was then the same as the amount due at the time of the resale. I think we should modify the rule stated in that case to the effect that the notice should state the amount of taxes delinquent on the date of the first publication of the notice and make it the amount delinquent at the commencement of the sale and for which it is to be sold. The

sale in the present case was held in 1941, and the fourth quarter of the taxes for 1940 became delinquent on May 1, 1941 (68 O. S. 1941 § 351), and the resale was required to be held on the second Monday of May, 1941. 68 O. S. 1941 § 432. Therefore, all the 1940 taxes were delinquent prior to the date of the 1941 resale. 68 O. S. 1941 § 432b, which governed the 1941 resale, provides that the resale notice shall state the total amount of all "delinquent taxes, costs, penalties and interest accrued, due and unpaid" as being the sum for which it will be sold. 68 O. S. 1941 § 432d requires that all property, other than vacant lots in cities and towns, must bring the full amount due or two-thirds of the assessed valuation, whichever is the lesser. 68 O. S. 1941 § 432f provides that the resale deed cancels "all delinquent taxes, assessments, penalties and costs previously assessed or existing against said real estate." It seems clear to me that the notice should state the amount for which it is to be sold and which is to be canceled by the deed. It would seem to be an anomaly in the law to say that the notice should state one sum and that the land should be sold for a higher sum.

For these reasons, the notice here involved stated the correct amount, though, as I shall now point out, the question is not material.

2. In holding that a statement in the resale notice of an amount in excess of the sum due renders the sale void, the majority opinion follows Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016, and violates the last paragraph of 68 O. S. 1941 § 432h, known as a prospective curative statute. This statute is intended to make tax resales effective and to render them immune from attack for errors of the taxing officers leading up to the resale that are not prejudicial to the rights of the owner, in the sense that they deprive the treasurer of jurisdiction to make the sale, just as our harmless error statutes (12 O. S. 1941 §§ 78, 636; 22 O. S. 1941 § 1068) are intended to make judgments effective and to render them immune from attack

for errors that do not in fact affect the substantial rights of the losing party.

The holding in Lind v. McKinley, and followed in the present case, that the advertisement of property in the resale notice for a *substantial* sum in excess of the amount due, is bottomed largely upon rules stated in text books and cases from other states based upon the common law or statutes differing from ours. They are, therefore, not in point. And, of course, the value of rules stated in text books and decisions from other states depends upon whether they are consistent with our Constitution and statutes.

The opinion in Lind v. McKinley rests largely upon the proposition that the property was sold for more than the sum due. But, when no person bids an amount sufficient to constitute a lawful bid (68 O. S. 1941 §§ 384, 432d), the property is, by operation of law, sold to the county for the exact amount "due thereon", not for the amount for which it is advertised, and this is true of both the original sale and the resale. 68 O. S. 1941 §§ 391, 432d. And the owner has a right to redeem at any time before the execution of the resale deed by paying the exact amount legally due with interest as specified, not the amount for which it is advertised. 68 O. S. 1941 § 433a. It follows that the rights of the owner are not in fact prejudicially affected by an error in the advertisement as to the amount due, and he should not be entitled to relief by reason of such an error, and this is especially true under the provisions of our curative statute.

We have several times held that an advertisement for less than the amount due is not sufficient to defeat the deed, in view of said curative statute. Bramble v. Caywood, 193 Okla. 668, 146 2d 587 (quoting the statute); Hight v. Collingsworth, 194 Okla. 507, 153 P. 2d 96; Grisso v. Ellis, 194 Okla. 506, 153 P. 2d 104; Patterson v. Hughes, 194 Okla. 502, 153 P. 2d 111. The statute makes no distinction between an advertisement for less than the amount due and one for more than the amount due. The

majority opinion in Lind v. McKinley points out no difference in law between the two, in view of our curative statute. If the one constitutes a mere irregularity in performing an essential prerequisite, it would seem that the other does not constitute a total omission to perform such a prerequisite.

We should hold that, in view of the language of said curative statute, an error in the notice of sale or resale as to the amount of taxes due is a mere irregularity, not a jurisdictional defect, and it does not matter whether the amount recited is more or less than the correct amount due, whether it is much or little, whether it is intentional or unintentional, or whether it involves some taxes adjudged to be illegal or is the result of a mistake in calculation, as here.

The probable effect of this and other recent decisions is to commit this court to the strictissimi juris rule as to the notice of resale and to render the de minimis rule inapplicable where the notice recites an excessive amount, contrary to the clear intention of the Legislature as expressed in said curative statute.

For the foregoing reasons, I respectfully dissent.