SEVERSON v. ROBERTS, County Treas., et al.

No. 31999. March 19, 1946.

Rehearing Denied May 7, 1946.

*168 P. 2d 615.*

C. B. McCrory and G. R. Horner, both of Okmulgee, for plaintiff in error.

L. A. Wallace, County Atty., of Okmulgee, for defendants in error.

HURST, V.C.J. This action involves title to an 80-acre tract of land in Okmulgee county which was acquired by the county at the 1939 tax resale. In a prior appeal we held that the former owner was not entitled to a decree quieting his title and invalidating the resale tax deed on the ground that the taxes assessed against the land for the years from 1931 to 1938, both inclusive, and for which the land was sold at the resale, were illegal, and the cause was remanded for further proceedings. Roberts v. Severson, 192 Okla. 677, 138 P. 2d 838.

After the mandate was spread of record, the plaintiff filed an amended petition in which he sought to quiet title and to enjoin the sale of the property at a threatened county sale, and he again asked the court to re-examine the question of the legality of the tax and to determine the true amount of taxes due. His amended petition sets out three reasons why the resale was invalid, (1) that it was sold for illegal

taxes, as charged in his original petition, and which was determined against him in our former opinion, (2) that the resale notice was not published the week preceding the commencement of the resale, and (3) that the amount for which the land was advertised to be sold in the resale notice did not contain three-fourths of the 1938 taxes which were delinquent and which should have been included in the notice. The defendants, the county treasurer and board of county commissioners, filed a demurrer to the amended petition, which was overruled. The defendants then filed an answer, alleging that the issue of the illegality of the tax had been decided against his contention by our opinion in the first appeal; admitting that the notice of resale was not published the week before the commencement of the resale but alleging that it was published in four successive weekly issues beginning with March 16th, and attaching to the answer a copy of the notice and proof of publication reciting that fact; and admitting that the resale notice did not include three-fourths of the 1938 taxes. The defendants, in their answer, denied that the resale deed was void for any of said reasons. The plaintiff filed a reply denying the allegations of the answer.

The defendants filed a motion for judgment on the pleadings, which motion was sustained and the action was dismissed, from which order and judgment the plaintiff has appealed. The rule is that where the pleadings do not present an issue of fact, it is proper to enter judgment on motion for judgment on the pleadings in favor of the party entitled thereto under all the pleadings. Mires v. Hogan, 79 Okla. 233, 192 P. 811; Allen v. First Nat. Bank & Trust Co. of Muskogee, 170 Okla. 3, 37 P. 2d 628; Lyons v. Lyons, 182 Okla. 108, 76 P. 2d 887.

1. The mere fact that the resale notice was not published the week preceding the resale does not render the notice defective. King v. Slepka, 194 Okla. 11, 146 P. 2d 1003.

2. The fact that the resale notice did not include three-fourths of the 1938 taxes that were delinquent at the time the notice was first published and at the time of the resale does not invalidate the notice and sale. Bramble v. Caywood, 193 Okla. 668, 146 P. 2d 587; Hight v. Collingsworth, 194 Okla. 507, 153 P. 2d 96; Grisso v. Ellis, 194 Okla. 506, 153 P. 2d 104.

3. The rule is that, under the doctrine of the "law of the case", the Supreme Court will not, on a second appeal, reverse its decision on a former appeal in the same case unless the former decision is palpably erroneous and the court is satisfied that gross or manifest injustice has been done or that the mischief to be cured far outweighs any injury that may be done by overruling the prior decision. Carter Oil Co. v. Eli, 164 Okla. 273, 23 P. 2d 985; 3 Am. Jur. 547; 5 C.J.S. 1278. No state of facts exists in the present case to bring this case under the exception to the general rule just stated. We think our first opinion was correct in holding that the legality of the tax levies on the ground that the school district was not legally formed cannot be questioned in an action to invalidate a tax sale based upon taxes. This rule, which obtains since the enactment of Initiative Petition 100, 68 O. S. 1941 § 332, prevailed under the prior law. Cheney v. Cox, 125 Okla. 108, 256 P. 755; Henshaw v. Morris, 189 Okla. 603, 119 P. 2d 85.

4. The plaintiff contends that his amended petition raised a new issue not passed upon in the first appeal. He alleged that school district No. 54, the legality of which is questioned, has been disorganized, that the schoolhouse thereon has been burned and some $8,000 in fire insurance has been collected, that there is enough money in the sinking fund to pay the bonded indebtedness of district No. 54, and that all other sinking fund levies should be canceled, and that since the disorganization of said district there is no governing board to

effect the cancellation of the same. Plaintiff says that he is entitled to equitable relief by reason of said facts. But since, as we hold, the county now has a good title under its resale tax deed, the plaintiff is not concerned with the collection of future tax levies against said land.

It follows that neither of the grounds for invalidating the resale, alleged in the amended petition, can be sustained. The petition did not state a cause of action, and it was not error to sustain the motion for judgment on the pleadings. Mires v. Hogan, above; Claypool v. Employers Casualty Co., 177 Okla. 286, 58 P. 2d 876.

Judgment affirmed.

OSBORN, BAYLESS, WELCH, and CORN, JJ., concur. GIBSON, C.J., and RILEY and ARNOLD, JJ., dissent.