## MAHONEY v. BARTON.

No. 22054.  May 29, 1934.

Rehearing Denied Sept. 11, 1934.

Robert W. Maupin, for plaintiff in error.

Willingham & Farris, for defendant in error.

RILEY, C. J.  This is an appeal from a judgment and decree canceling of record a resale tax deed purporting to have been issued under the provisions of sections 9744, 9745, and 9746, C. O. S. 1921, as amended by chapter 158, S. L. 1923.

The lot or parcel of land involved is: Lot 29, block 14, Lawrence Place addition to Oklahoma City, Okla., as shown on the recorded plat thereof.

The resale deed was issued to one John T. Phelan on June 19th, based upon a sale begun and held on the third Monday in April, 1924, and was placed of record October 6, 1924.  The lot was subsequently conveyed from Phelan to plaintiff in error, Annie G. Mahoney.

This action was commenced on March 11, 1930, by W. R. Barton, the record owner of said lot prior to the resale.

In his petition plaintiff alleged the resale deed was void: (1) because it is not on the form prescribed by the State Examiner and Inspector; (2) because the property was located outside the corporate limits of any city or town, and at the time of the resale there were unpaid ad valorem taxes due on said property far in excess of the amount bid and paid by the purchaser, John T. Phelan; and (3) because county treasurer failed to make return of said resale and report thereof as required by law.

Defendant, Mahoney, demurred to the petition, asserting that said petition did not state facts sufficient to constitute a cause of action, and that if plaintiff ever had any cause of action, the petition shows the same to be barred by the statute of limitations.

The demurrer was overruled and defendant answered by general denial, and alleged further that defendant and her grantor had been in actual peaceable possession for more than five years under said resale tax deed, which was recorded October 6, 1924, and that plaintiff's alleged cause of action was barred by the statute of limitations; that plaintiff was guilty of laches in that he knowingly permitted defendant and his immediate grantor to remain in possession for more than five years and pay all taxes on the property during that time, and had failed to notify defendant or her grantor that he intended to claim said property, and that plaintiff had failed to tender into court or offered to pay plaintiff any taxes, interest, or penalty required by law as a prerequisite to maintain an action such as this.

Plaintiff replied by general denial.

At the trial it was stipulated that the form of deed prescribed by the State Examiner and Inspector was the same as the form used by the county treasurer to Phelan, except that in the deed by the county treasurer to Phelan, in the clause immediately following the first description, which in the form prescribed by State Examiner and Inspector reads: "He being the highest and best bidder therefor, and the said sum being the highest amount bid therefor, and the same being equal to or greater than the amount of taxes, penalties, interests, and costs due on each tract of land above described, * * **"

the words, "and the sum being the highest amount bid therefor, and the same being equal to or greater than the amount of taxes, penalties, interest, and costs due on each tract of land above described, and," were stricken out by drawing a line through same.

It was also stipulated that the property involved was at all times since the resale deed was issued unimproved, and that no improvements had been constructed by either party, and that the property involved was at the time of resale outside the city limits of Oklahoma City, and was not within the corporate limits of any city or town.

The records in the county treasurer's office showed that at the time of the resale, April 21, 1924, there were unpaid ad valorem taxes, penalties, and costs, amounting to $16.-81, same being for taxes for the years 1919 to 1922, inclusive. The amount for which the lot was sold to Phelan was $10.50.

The trial court found and held:

"* * * That the allegations in plaintiff's petition are true, and that the tax deed issued by the county treasurer of Oklahoma county to John T. Phelan, the grantor of Annie G. Mahoney, was and is void; that the property was not within the corporate limits of any town or city, and that the treasurer attempted to sell said property at the resale of June, 1924, for less than the total amount of the taxes, interest, costs, and penalty against said property; that said sale and the deed issued pursuant thereto were and are void and should be canceled."

Judgment and decree were entered accordingly, upon condition, however, that plaintiff pay to defendant all taxes paid by her and her grantors since 1924, and the amount paid on account of resale deed.

The first question presented is, whether the resale tax deed involved is void upon its face, or whether the fact that the lot involved was not within the corporate limits of any city or town, and the amount bid by the purchaser, John T. Phelan, was less than the total amount of taxes, penalties, interest, and costs then due against the property, would deprive the county treasurer of power to issue the deed to the extent that the statute of limitations did not run against an action to cancel the deed. We consider the latter part of the query stated.

This action was not commenced within the period of twelve months after the deed was recorded as provided by section 9746, C. O. S. 1921, as amended by section 6, ch. 158, S. L. 1923. Neither was it commenced within the two-year period provided in subdivision 3, sec. 183, C. O. S. 1921. In fact, evidence aside from the deed itself was adduced to prove the lot was not within the limits of any city or town. The stipulation of the parties supplied this fact. Section 9745, C. O. S. 1921, as amended by section 5, ch. 158, S. L. 1923, provides that real estate sold at such resale shall be sold to the highest bidder for cash, provided that such bidder offers or bids an amount equal to or greater than the amount of taxes, penalties, interest, and costs due on each tract of land, "provided, further, that any such bid for vacant lots located in any city or town may be accepted as the highest and best bid whether said amount is equal to or greater than the amount of taxes, penalties, interests, and costs due thereon." It does not appear that the State Examiner and Inspector had prescribed separate forms of deeds for real estate which could have been sold for less than the amount of taxes, interest, penalties, and costs due thereon. Had the lot involved been located within the limits of a city or town, it may have been entirely proper for the county treasurer to use the general form prepared by the State Examiner and Inspector with the clause above mentioned stricken out, but the form of the deed in the instant case does not fit the true facts. There was a defect and omission contained in the instrument.

The question of the authority of the county treasurer to issue any deed whatever, under the state of facts, raises a decisive question. Pimm v. Waldron et al., 118 Okla. 5, 244 P. 37, is a case involving substantially the same question, although the statute of limitations was not involved. There the lots in question were located within the corporate limits of Oklahoma City, but they were not vacant lots. They were improved by having seven four-room houses erected thereon. The amount of taxes due was $1,075.32. The treasurer at the resale accepted a bid of $2, and issued the resale deed to the purchaser for said sum of $2. It was there pointed out that section 5, of ch. 158, S. L. 1923, provides that in case no bidder offers or bids the amount due upon any tract of real estate other than lots located in any city or town (vacant lots), the county treasurer shall bid off the same in the name of the county for the amount of taxes, penalties, interest, and cost due thereon, and shall issue a deed therefor in the name of the chairman of the board of county commissioners; and that any property so acquired by the county may thereafter be sold at such price as may,

after notice by publication, be approved by the board of county commissioners. It was there held:

"Where a county treasurer attempts to conduct a resale of real property under section 5, c. 158, S. L. 1923, amending section 9745, Comp. St. 1921, and executes a deed therefor to the purchaser and the price paid by such purchaser is less than the amount of the taxes, penalties, interest, and costs due on each tract, said tract so attempted to be sold and conveyed not being vacant lots located in any city or town, such treasurer's deed is void and conveys no title, interest or estate to the purchaser to such lands."

In the body of the opinion, it is said:

"It therefore became the plain duty of the county treasurer to reject the $2 bid of plaintiff and to bid off the same for the county and execute his deed to the chairman of the board of county commissioners as provided by statute, and the treasurer had no more authority to convey this property to plaintiff under the facts in this case, than he would have had to convey the courthouse itself.

"* * * and the deed given to plaintiff conveyed no interest in the lands, and was absolutely void."

The language there used indicates that it was wholly without the power of the county treasurer to issue a resale tax deed of any force or effect whatever; that he was without power to issue a deed upon a bid of less than the amount of taxes, penalties, interest, and costs due upon the land involved that would or could convey any interest whatever in the land involved.

The defect here shown does not involve the regularity, legality, and validity of all or any of the official acts leading up to the resale, under which notice and return of the treasurer, as provided in the act of 1923, is made presumptive evidence of the regularity, legality, and validity of all such official acts. The official acts leading up to the resale appear to have been regular, legal, and valid. If not, they are, for the purpose of this case, conclusively presumed to be regular, legal, and valid under the rule announced in Swan v. Kuehner, 157 Okla. 37, 10 P. (2d) 707. This presumption of regularity, legality, and validity of the official acts leading up to the resale may be rebutted by the former owner in an action to avoid or set aside the deed commenced within one year after the recording of the deed, but after the expiration of the one year, the presumption becomes conclusive. This is made clear in Swan v. Kuehner, supra. Herein the defect is in making the

sale itself, and in issuing the resale deed upon a bid less than the amount required by law. In Swan v. Kuehner, supra, it is said:

"If the land was not taxable in the first instance, if the tax on the land had been paid, or if the county treasurer otherwise was without power or jurisdiction to execute a resale tax deed, a different rule would apply, for in those instances there would be no defective execution of the resale tax deed, but a want of power and jurisdiction to execute any resale tax deed."

In Pimm v. Waldron et al., supra, it was held, under facts almost identical with those here existing, that the county treasurer was without authority to convey the property, and the deed given conveyed no interest in the lands and was absolutely void.

If the language used in the Pimm Case, supra, means anything, it means that the county treasurer was wholly without power or authority to accept the bid offered, or to issue any deed whatever for the amount bid. His duty was to bid the lot in in the name of the county for the amount of taxes, penalty, interest, and costs due thereon and issue a deed to the county. The rule announced in Pimm v. Waldron, supra, brings this case squarely within the third of the three classes of cases stated in Swan v. Kuehner, supra, calling for a different rule as to the statute of limitations.

Other questions are presented, but the deed being issued without power or authority by the county treasurer, plaintiff was not precluded by either the one-year or two-year statute of limitations, and the judgment and decree canceling the deed is affirmed.

SWINDALL, McNEILL, BAYLESS, and WELCH, JJ., concur.