## CRAWFORD et al. v. LeFEVRE et al.

No. 25846.   Sept. 29, 1936.

Joe P. Crawford, for plaintiffs in error.

Suits & Disney, for defendants in error.

PER CURIAM. This is an action filed by the defendant in error, hereinafter referred to as plaintiff, against the plaintiffs in error, hereinafter called defendants, in the district court of Cleveland county to recover a one-third interest in real property situated in Cleveland county, and to have the same partitioned. For grounds of recovery the plaintiff claims that Celeste Lefer died on the 19th day of March, 1923, seized and possessed of the lands in controversy; that she left surviving her as her sole and only heirs at law Gaston P. Lefer, her son, and Henri Lefer, her husband; that the plaintiff is the daughter of Henri Lefer, and subsequent to the death of Celeste Lefer, Henri Lefer conveyed to her, the plaintiff, all of his interest in the lands. These facts are admitted by all parties.

For defense against the plaintiff's action the defendants claim that on the 3rd day of February, 1921, Celeste Lefer made a will bequeathing all of the lands involved herein to her son, Gaston P. Lefer; that said will was duly presented for probate in the county court of Cleveland county, Okla., and by that court was duly admitted to probate.

The defendants further urge that on the 8th day of October, 1923, the county court in the due course of administration entered and made a decree of distribution distributing all of the lands in controversy to the defendant Gaston P. Lefer.

The fact that Celeste Lefer made and executed a will attempting to bequeath all of the lands in controversy to Gaston P. Lefer and that said will was duly admitted to probate is not disputed.

After hearing the cause the trial court rendered judgment in favor of the plaintiff, awarding her an undivided one-third interest in and to the land in controversy, and decreed a partition.

The defendants raised in the trial court the question that neither the plaintiff nor her grantor had been in possession of the premises for one year or received the rents and profits therefrom, and the quitclaim deed from Henri Lefer to plaintiff under section 1940, O. S. 1931, was champertous, and for that reason plaintiff could not maintain her action. The court, on motion of the plaintiff, made and entered an order permitting the plaintiff to substitute the administrator of the estate of Henri Lefer, her grantor, he having died after conveying the lands to the plaintiff. To the action of the court the defendants excepted, and urge on appeal that the court erred in allowing the substitution of the administrator of Henri Lefer as party plaintiff.

The trial court did not err in this respect and followed the law as has been consistently adhered to by this court, as laid down in the case of Gannon v. Johnston, 40 Okla. 695, 140 P. 430, and Brady v. McCrory, 108 Okla. 40, 233 P. 734.

The execution and admitting to probate of the will which attempts to disinherit her spouse, in contravention of section 11301, C. O. S. 1921, does not have the effect to disinherit the spouse. Brock v. Keifer, 59 Okla. 5, 157 P. 88; Ward v. Cook, 152 Okla. 234, 3 P. (2d) 728; Armstrong v. Letty, 85 Okla. 205, 209 P. 168.

Therefore, the execution and admission of the will of Celeste Lefer attempting to bequeath and devise all of her property to her son, Gaston P. Lefer, did not operate to divest her husband, Henri Lefer, of the one-third interest in controversy here.

The decisive question in this case is whether or not the decree of distribution made on the 8th day of October, 1923, is a valid decree, and under the facts the county court of Cleveland county had jurisdiction to make and enter the same.

On the 19th day of September, 1923, Gaston P. Lefer filed his final report as executor of the estate of Celeste Lefer, in which he states that he had received $364 and has paid out the sum of $484, and prays the court as follows (no mention of the land involved being made in the final report):

"Said Gaston P. Lefer further reports that the debts and claims against said estate have all been paid, leaving the above balance to be distributed between the parties entitled to the rest as follows:

" 'None.'

"Said he now moves the court that he be allowed to make distribution as above set forth, and take receipts therefor and present the same to this court, and be discharged all of which is respectfully submitted."

The court made the following order:

"In the matter of the Estate of Celeste Lefer, deceased. Gaston P. Lefer, executor of the estate of Celeste Lefer, deceased, having this day rendered and presented for settlement and filed in this court his final account of his administration of estate of said deceased.

"It is ordered that Monday, the 8th of October, 1923, being a day of a term of this court, to wit, of the October Term, 1923, at 10 a. m., be and the same is hereby appointed for the settlement of the said account; and that due notice thereof be given by causing the same to be printed in the Norman Transcript, a newspaper of general circulation in said county, so that it appears for three successive Thursday issues.

"Dated September 19th, 1923. George Allen, County Judge."

It will be readily seen that there is no reference made in the final report as filed by the executor, Gaston P. Lefer, to distribution of any real property, nor does he ask the court to distribute the same, and the county court does not in its order as above set out fix a day for hearing for distribution, or provide for the time and manner of notice to be given for distribution.

Section 1358, O. S. 1931 (sec. 1359, C. O. S. 1921), provides:

"Upon the final settlement of the accounts of the executor or administrator or at any subsequent time upon the application of the executor or administrator, or of any heir, legatee or devisee, the court must proceed to distribute the residue of the estate in the hands of the executor or administrator, if any, among the persons who by law are entitled thereto."

Section 1345, O. S. 1931, provides, "every account for the final settlement and distribution of an estate shall stand for hearing at a date to be fixed by the county judge, not less than 20 days after the filing thereof", and provides for manner of giving notice. These sections of the Code must be construed together, one complementing the other.

These sections of the Code were adopted from the Dakota Code, and the Supreme Court of South Dakota in the case of Carter v. Frahm (S. D.) 141 N. W. 370, holds that to give the county court jurisdiction to make an order of distribution it is necessary for one of the parties designated in the statute to file a petition therefor, and that a petition merely asking the court to approve the final accounts of the administrator or executor is not sufficient. This opinion is a well-reasoned opinion and is sound in principle, and we see no reason why we should not follow it.

In this case there is no order by the county court fixing the date for hearing as required by statute for order of distribution. We believe that this lack of an order herein is fatal to the jurisdiction of the county court to make an order of distribution, and the order made attempting to distribute the whole of the estate of Celeste Lefer to Gaston P. Lefer on the 8th day of October, 1923, is void for the reason that the court's jurisdiction had not been invoked as required by law and the court had no jurisdiction.

It is not necessary to determine in this case whether or not the above statutes should be strictly complied with, or a substantial compliance with the same is sufficient to confer jurisdiction upon the county court to make and enter a decree of distribution as, in this case, there is not even a substantial compliance with the statute and the decree of distribution is void.

The decree of distribution is shown void by the judgment roll. The same being void, it may be collaterally attacked; that is, the plaintiff may proceed as though the order had never been made. Pettis y. Johnston, 78 Okla. 277, 190 P. 681.

There being no error in the judgment of the trial court, the cause is affirmed.

The Supreme Court acknowledges the aid of Attorneys W. B. Rockwood, Thos. S. Harris, and J. V. Frazier in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Rockwood and approved by Mr. Harris, and Mr. Frazier, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.