CHILES v. PACKNETT.

No. 30291. Sept. 29, 1942.

*129 P. 2d 595.*

Melton, McElroy & Vaughn, of Chickasha, for plaintiff in error.

Hatcher & Bond, of Chickasha, for defendant in error.

ARNOLD, J. This action was brought by Octa Jones Packnett in the district court of Grady county against J. A. Chiles to set aside, cancel and vacate a resale tax deed held by J. A. Chiles, and to quiet title to the land. The parties will be referred to herein as they appeared in the trial court.

The plaintiff alleged that she was the owner of the land involved herein; that the defendant's claim of title was based on a resale tax deed executed by the county treasurer of Grady county on May 11, 1938; among other things she also alleged that the property was sold at resale for an amount less than the delinquent taxes, penalties, interest, and costs, and that by reason thereof the resale tax deed to the defendant is null and void. The plaintiff tendered into court all taxes, penalties, interests, and costs, and prayed that the court enter judgment canceling said deed and quieting her title to the land.

The trial court found all the issues in favor of the plaintiff and entered judgment canceling said resale tax deed and quieted plaintiff's title.

There are several assignments of error; however, same are presented under one proposition, to the effect that "the judgment of the trial court in canceling the tax deed was contrary to law and the evidence."

It is disclosed by the record that at the time of the resale the plaintiff was the owner of the land involved herein; that the notice of resale set forth that the land was being sold for taxes for the years 1932 to 1936, inclusive, and that the total amount of the taxes, penalties,

interest, and costs was $14.55; that the county treasurer's work sheet from which the notice was taken shows the 1935 taxes paid; that the permanent tax roll shows that the 1935 taxes were marked paid at one time, and that sometime thereafter the credit was erased therefrom and that such 1935 tax has not been paid; that $12 of the amount for which the property was advertised was delinquent taxes and the balance was penalties, interests, and costs; that the amount of the taxes for the years 1932, 1933, 1934, and 1936, without penalty or interest, was $12; that at the time same was advertised for resale three-fourths of the 1937 taxes were delinquent; that the return of sale and the resale tax deed show said land was sold to the defendant for $14.55, the full amount of the taxes, penalties, interest, and costs for the years 1932, 1933, 1934, and 1936.

It is apparent from this record that the 1935 taxes were delinquent and unpaid, and that the amount that the property sold for represented only the aggregate taxes, penalties, interest, and costs for the years 1932, 1933, 1934, and 1936. The records of the county treasurer still show the 1935 taxes due and unpaid. Since taxes for this year were delinquent at the time of resale, the property was not advertised and sold for the full amount of the delinquent taxes, penalties, interest, and costs as provided by law. A sale of land at resale under section 12755; O. S. 1931, for a sum less than the amount of the delinquent taxes, penalties, interest, and costs due upon such tract of land, where the same is not vacant lots located in any city or town, is a nullity and the deed issued to the purchaser is void and conveys no title, interest, or estate to such purchaser. Deneen et al. v. Gillispie, 180 Okla, 342, 70 P. 2d 1078; Mahoney v. Barton, 168 Okla. 586, 35 P. 2d 443. We therefore hold that the resale tax deed in this case is void and that the defendant obtained no title, interest, or estate therein by virtue of such deed.

Judgment affirmed.

OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, C. J., CORN, V. C. J., and RILEY, J., absent.