MEYERS et al. v. LACKEY.

No. 30760. Dec. 5, 1944.

*153 P. 2d 1020.*

M. A. Dennis, of Okmulgee, for plaintiffs in error.

Milam M. King, of Checotah, for defendant in error.

DAVISON, J. This action involves the validity of a resale tax deed.

At the 1940 resale of property previously purchased at original tax sale by McIntosh county, a quarter section of land in section 1 of township 12 north, range 14 east, was bid off in the name of the county by the county treasurer of McIntosh county and the treasurer issued a resale tax deed to the chairman of the board of county commissioners of McIntosh county (68 O. S. 1941 § 432 d).

At the time of the resale the amount of delinquent taxes, penalties, interest, and costs due on the property was $1,121.08. It was recited in the resale deed that the amount of taxes, interest, penalties, and costs for which the land was sold and conveyed to the county at resale was $853.37.

On the 5th day of August, 1940, the property was conveyed by commissioner's deed to Sanford Lackey, who on October 7, 1940, instituted this action to quiet title to the property. In the action Joe E. Meyers, Herbert Meyers, and Mabel Spurgeon and numerous other persons were named as parties defendant.

The defendants above named answered, asserting their ownership of the property prior to the resale deed and their continued ownership thereafter by reason of the alleged invalidity of such deed.

On the trial of the cause to the court without the aid of a jury, in June of 1941, the resale deed was determined to be valid and to have divested the defendants of their interest in the land.

The cause is presented to this court for review by Joe Meyers, Herbert Meyers, and Mabel Spurgeon, who appear herein as plaintiffs in error. We shall in this opinion continue to refer to them as defendants.

On the trial of the cause the county treasurer of McIntosh county testified over the objection of the defendants that the land in question was bid off in the name of the county for $1,121.08, the amount of taxes, etc., actually due, and that the amount stated in the deed was erroneously placed therein by a deputy in his office who mistakenly copied figures representing two-thirds of the appraised value of the land instead of the amount bid thereon by the county treasurer.

In presenting the case for review it is first urged by the defendants:

". . . the trial court committed reversible error in refusing to hold that the resale tax deed to McIntosh County, Oklahoma, referred to as defendant in

error's 'Exhibit A' is void, when the records of the county treasurer disclose there were taxes, interest, penalty and cost in the total amount of $1,121.08 due on the property involved herein, and the deed discloses upon its face that the property was bid in for McIntosh county for the sum of $853.37."

In support of this position reliance is placed on Deneen v. Gillespie, 180 Okla. 342, 70 P. 2d 1078; Mahoney v. Barton, 168 Okla. 586, 35 P. 2d 443; and other similar cases.

In the recent case of Bramble v. Caywood, 193 Okla. 668, 146 P. 2d 587, the above-styled cases were mentioned but held not to control in a sale conducted under the 1939 resale law, 68 O. S. 1941 §§ 432 et seq. We were therein confronted by a tax resale proceeding in which the amount of taxes, etc., as stated in both the notice of resale and the resale deed was less than the amount of all delinquent taxes, interest, penalties, and costs. We held the discrepancy immaterial and not fatal to the deed. We therein said in paragraph 4 of the syllabus:

"Failure of the county treasurer to include a part of one year's delinquent taxes, penalties, interest and costs levied and assessed against land, in the notice of resale of property under the resale tax laws, is an irregularity and is not a failure in whole to advertise the land for sale for delinquent taxes, penalties, interest and costs."

And in the body of the opinion, we stated:

"The omission to include in the notice of sale the first, second, and third installments of the 1938 taxes, even if contrary to the directory provisions of the statute, constituted, at most, an irregularity, and certainly did not constitute a failure to advertise the land for sale for taxes, interest, penalties, and costs due and delinquent. Consequently, such advertisement and sale was a substantial compliance with the law, and there was no essential prerequisite wholly omitted. . . .

"The omission to include the amount of three-fourths of the 1938 taxes as de-

linquent, if they were in fact delinquent, was a mere irregularity and not a total omission to comply with the provision of Title 68 O. S. 1941 sec. 432h, providing for notice of resale. . . ."

While in the Caywood Case, supra, we discussed primarily the notice, our holding of necessity excused the discrepancy in amount in both the notice and the deed.

Our decision in the cited case controls the case at bar, and under that case defendants' objection to the resale deed herein cannot be sustained.

Defendant next urges error in admitting evidence that the recitation of amount bid was a clerical error. Since the deed is valid without such evidence, it necessarily follows that its admission could not constitute prejudicial error. We therefore express no opinion on the question of evidence presented.

Defendants also complain of the form and legal effect of the commissioners' deed. Defendants had been divested of title by the resale deed before the commissioners' deed was issued. Having been previously deprived of their interest in the property, they are not concerned with the form and effect of the commissioners' deed.

Judgment affirmed.

CORN, C.J., and WELCH, HURST, and ARNOLD, JJ., concur. GIBSON, V.C.J., concurs in conclusion.