HALL et al. v. PEARSON et al.

No. 33697. May 2, 1950.

Rehearing Denied June 20, 1950.

*219 P. 2d 617.*

H. A. Ledbetter, of Ardmore, and Haskell Paul, of Pauls Valley, for plaintiffs in error.

C. H. Bowie, of Pauls Valley, for defendants in error.

O'NEAL, J. This is an appeal from a decree of the district court of Garvin county quieting title to 60 acres of land (the east half of the southeast quarter of the northwest quarter and the east half of the west half of the southeast quarter of section 35, township 1 north, range 2 west of the I. M.) in Garvin county, Oklahoma, in defendants in error, D. A. Pearson and Odie Pearson, husband and wife.

The action was commenced February 12, 1945, by D. A. Pearson and Odie Pearson, here referred to as plaintiffs,

against E. G. Hall and Jimmie Glen Hall. In their petition plaintiffs alleged that they are the owners of the fee-simple title in and to said lands and in possession thereof; that they acquired their title by warranty deed from J. Herbert Phillips et ux. and R. L. Phillips et ux. filed for record in the county clerk's office January 10, 1945; that defendants had on numerous occasions trespassed upon said land and had forbidden plaintiffs from coming upon the same; that said defendants claim some interest in the land, but had no right, title, or interest therein; that defendants had permitted their stock to trespass upon said land to plaintiffs' damage in the sum of $25; that defendants had on one occasion assaulted plaintiff D. A. Pearson. Prayer was that plaintiffs' title to said land be quieted and the defendants be enjoined from claiming or asserting any right, title, equity, or interest in and to said land, or any part thereof, and for damages in the sum of $1,050. A temporary restraining order was issued effective until the further order of the court.

Defendants filed their answer consisting of a general denial; that Jimmie Glen Hall is a minor and that no guardian ad litem had been appointed to represent him. Defendant E. G. Hall alleged that he had a valid contract for the purchase of said land; that said contract arose in the following manner:

". . . That shortly prior to the commencement of this action said lands were owned by J. Herbert Phillips and R. L. Phillips. That said Phillips Brothers employed and appointed one Paul Mays as their agent to sell said real estate here involved, and advised this defendant that anything he worked out with said agent would be the same as their own act. That such advice was written in the form of a letter addressed to this defendant. That pursuant to said arrangement, this defendant went to the said Paul Mays and enteret (sic) into an agreement which was reduced to writing by Joe Curtis, attorney for the said Paul Mays. That pursuant to said contract this defendant deposited his check in the sum of $500.00, the balance to be paid when abstracts were continued to date and title approved as merchantible (sic), said balance in the sum of $1500.00. That following said agreement and contract the said Paul Mays advised the renter in possession that said lands had been sold and that he would have to vacate said lands. And this defendant advised the said Phillips Brothers by telephone that he had purchased said lands depositing his check pursuant to said arrangment (sic) aforementioned and asked if he could start work on said premises. That the said Phillips Brothers advised this defendant that he should take immediate possession of said lands as they knew the title would be approved. That with such understanding, agreement, and permission, the defendant E. G. Hall did take immediate possession of said lands, and performed valuable works and improvements thereon. That such work and improvements consisted of the following: Breaking, and plowing, and conditioning said lands for wheat. That 40 acres thereof was planted to wheat. That in addition thereto this defendant built ½ mile of fence furnishing all of the wire and posts therefor. That through no fault of this defendant the said J. Herbert Phillips and R. L. Phillips knowing that this defendant had deposited his check and had performed said labor and improvements thereafter wrongfully and knowingly attempted to sell said lands unto the plaintiffs herein. That said plaintiffs were fully aware of the rights of this defendant. That by reason of such facts and circumstances, both the said J. Herbert Phillips and R. L. Phillips, the (sic) plaintiffs, became estopped to sell or to buy to anyone other than this defendant, E. G. Hall. That the defendant has been, and is, now ready, able and willing to perform said contract in all particulars."

The answer further alleged that while defendant E. G. Hall was in possession of said land, plaintiff D. A. Pearson, with other men, came upon said premises and assaulted Jimmie Glen Hall, damaged the tractor which he was operating, and forcibly drove defendants' livestock from the premises. Defend-

ants' prayer was that plaintiff take nothing; that the restraining order be dissolved and defendant be restored to his lawful possession of said land, and that his title thereto be quieted and confirmed as against the plaintiffs upon defendants' payment into court the sum found to be due under his contract of purchase, which sum he tendered into court. Reply was by general denial and the allegation that the purported contract relied upon by defendant is within the statute of frauds. The reply was verified by the affidavit of D. A. Pearson wherein it is specifically denied that:

" . . . W. Paul Mays was at any time appointed or authorized to act as agent or representative of R. L. Phillips and J. Herbert Phillips, or either of them, as alleged in said action an/or (sic) cross-petition of the defendants herein and specifically deny that said W. Paul Mays was agent or representative as alleged, or that he was acting under and by the authority of R. L. Phillips and J. Herbert Phillips, or either of them, directly or impliedly."

Trial was to the court without a jury, resulting in a decree for plaintiff and denying plaintiff any judgment for damages, and quieting title in plaintiffs, and defendants appeal.

It is first contended that the judgment of the trial court is not sustained by the evidence. Thereunder it is asserted that the evidence shows that plaintiffs were not in possession of the land when the action was commenced, and that defendants were in possession. In this connection defendants cite and rely upon Morgan v. McGee, 117 Okla. 212, 245 P. 888, and other similar cases. In Morgan v. McGee, it was held:

"In a statutory action to quiet title to real property, constructive possession alone is insufficient, but there must be actual possession by plaintiff in person or by tenant, under Comp. Stat. 1921, §466."

Defendants also cite Marshall v. Ward, 167 Okla. 183, 28 P. 2d 1091,

and Johnson v. Johnson, 182 Okla. 293, 77 P. 2d 745, wherein it is said:

". . . Generally, under our procedure one must be in possession or must seek possession when it is sought to establish title."

Defendants apparently concede that there is one exception to the rule and that is where the land is vacant and unoccupied as shown in Bartlett v. James, 140 Okla. 218, 282 P. 602. Defendants apparently overlook the rule stated in Concho Washed Sand Co. v. Sallstrom et al., 195 Okla. 302, 157 P. 2d 176, wherein it is held:

"It is no objection to the jurisdiction of the court in an action to quiet title that plaintiff is not in possession, where defendant files a cross-petition asking that his own title be established and quieted, as the court is thereby given jurisdiction of the entire controversy."

The rule there stated is supported by Gafford v. Davis, 58 Okla. 303, 159 P. 490, and Davenport v. Wolf, 59 Okla. 92, 158 P. 382.

There is some conflict in the evidence as to who was in possession at the time the action was commenced. But if it be conceded that defendants and not plaintiffs were in possession, the defendants sought affirmative relief and prayed that their title to the land be quieted. That was sufficient to give the court jurisdiction under the rule stated in Concho Washed Sand Co. v. Sallstrom et al., supra, and the cases cited therein.

It is next contended that the title to the land acquired by plaintiffs from Phillips Brothers should at this time be decreed to be the title of defendants. Thereunder it is, in effect, asserted that the decree should have been that plaintiffs, though they acquired the legal title to the land, held it as trustee for defendants under the resulting trust doctrine stated in Exchange Bank of Perry v. Nichols, 196 Okla. 283, 164 P. 2d 867. The rule relied

upon is that wherein the court quotes from Bobier v. Horn, 95 Okla. 8, 222 P. 238, as follows:

" 'A resulting trust arises where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred, from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. In such a case, a trust is implied or results in favor of the grantor whom equity deems to be the real owner.' "

There is nothing in the evidence which would make the rule stated applicable in the instant case. There is nothing whatever to indicate from the contract, deed, or the accompanying facts and circumstances under which plaintiffs acquired their title, that either J. Herbert Phillips et ux., or R. L. Phillips et ux., intended that anything less than the legal title, together with a full beneficial interest, was to pass to plaintiffs, except as to an undivided one-half interest in and to all oil, gas, coal, asphalt, and other minerals in or under the land, or that may be produced from said land. There is no evidence whatever that any right, title, or interest of any kind whatever was reserved to or intended to pass to defendants.

The trial court found, and the evidence fully shows, that defendant E. G. Hall did not have and never had a deed, or contract in writing, for the purchase of said land signed by the owners thereof, or by any person purporting to act for them, or either of them. There is no room for the application of the resulting trust rule.

It is next contended that the trial court erred in striking the motion of defendants to bring in the Phillips Brothers as parties defendant. The record shows that the issues were joined September 15, 1947, when plaintiffs filed their reply; that trial was commenced September 8, 1947, and was continued at defendants' request to October 17, 1947, and finally continued until November 17, 1947. On October 10, 1947, defendants filed their motion to make R. L. Phillips and Rebecca Phillips, husband and wife, and J. Herbert Phillips and Mabel A. Phillips, husband and wife, parties defendant on the ground that defendant E. G. Hall had a valid contract of purchase from said R. L. Phillips et ux., and J. Herbert Phillips et ux., and was entitled to a decree of specific performance as against them. He did not attach a copy of his purported contract and never did produce such a contract. October 17, 1947, plaintiff moved the court to strike the motion of defendants to make the Phillips Brothers parties defendant. The court sustained the motion and defendants saved exception. In their petition in error defendants assigned as error the refusal of the court to sustain defendants' motion to make additional parties defendant. But in their motion for new trial that question is not presented. There was no allegation in the motion for new trial of error in refusing to sustain the motion and no allegation of error in striking the motion. That question was not presented to the trial court. Without regard to the merit thereof, the question is not properly before this court for review because defendants failed to present the same to the trial court in their motion for a new trial, or otherwise.

The decree is not against the clear weight of the evidence but is in accord with the decided weight of the evidence.

Affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and CORN, GIBSON, LUTTRELL, and HALLEY, JJ., concur.