ROBERSON for the Use and Benefit of MILES v. BROWN et al.

No. 34511. Jan. 22, 1952.

*241 P. 2d 181.*

C. R. Thurlwell and Frank Miles, Tulsa, per se, for plaintiffs in error.

B. C. Franklin, Tulsa, for defendants in error.

PER CURIAM. The parties herein occupy the same relative positions as in the trial court and hereafter they will be referred to as they there appeared.

Plaintiff in his amended petition to quiet title and for ejectment and damages alleged for his first cause of action that he was the owner of the fee-simple title of certain lands situated in Tulsa county, Oklahoma; that plaintiff's title was acquired by quitclaim deed from William Roberson on June 11, 1947, which deed is recorded in the office of the county clerk of Tulsa county, Oklahoma, a copy of which was attached and made a part of the amended petition. It is further alleged by plaintiff that A. C. Elliott acquired deed to said property by sheriff's deed, which said deed is of record in the office of the county clerk of Tulsa county, Oklahoma; that immediately after the acquisition of said sheriff's deed, he went into possession of the property described in the amended petition; that on September 4, 1930, A. C. Elliott quitclaimed the property to Elizabeth Roberson, which deed is of record in said county; that Elizabeth Roberson died intestate at which time she was in possession of the property involved herein; that she left as her sole and only heir, William Roberson; that the property was liable for ad valorem taxes and the taxes thereon not having been paid, the county treasurer attempted to sell the property involved herein on May 22, 1940, to one W. B. McLeod, and that thereafter said W. B. McLeod attempted to convey said property to defendant Martha A. Brown; that a copy of said county deed is attached to the amended petition and also a copy of the deed from W. B. McLeod is attached, marked Exhibits "C" and "D" and made a part thereof; that said county resale tax deed is void and of no effect for the reason that the sale on which the deed is based included the last quarter of ad valorem taxes for the year in which said property was sold; that by virtue of said county deed and the deed by said W. B. McLeod to Martha A. Brown, the said Martha A. Brown took wrongful possession of said property and claims some right, title or interest in the property adversely to the plaintiff; that said claim is without legal foundation and plaintiff is entitled to have the cloud removed and said title to the property quieted and confirmed in him.

For his second cause of action, plaintiff alleged that he is the owner in fee simple to the property involved herein and is entitled to immediate possession of same; that defendant is in possession of the property and has wrongfully refused to surrender possession thereof to plaintiff.

For his third cause of action, plaintiff includes the allegations of the first and second causes of action as fully as if repeated and further alleges that possession of the property involved herein has wrongfully been withheld

from the plaintiff from the date of the resale tax deed, to wit: April 24, 1940; that the reasonable rental value thereof is $18 per month; that plaintiff is entitled to recover from said defendant as actual damages for the wrongful withholding from said plaintiff the sum of $1,900 as reasonable rental of said property from the 24th day of April, 1940, until March, 1949.

The defendant, Martha A. Brown, in her answer and cross-petition to amended petition and her amendment to the amended answer and amended cross-petition, answered by general denial and in her amended cross-petition alleged that she was the owner of and in actual possession of the north half of lot 13, block 6, Booker Washington addition to the city of Tulsa. Tulsa county, Oklahoma; that she and her immediate grantor or grantors have been in the open, continuous, peaceable and undisturbed possession of the same since the 22nd day of May, 1940, and that she deraigns her title as follows:

"(a) By County Deed from Tulsa County, Oklahoma, to W. B. McLeod the original of which is hereto attached and marked Exhibit 'A', and made a part hereof, from the said W. B. McLeod as shown by a photostat copy of Quit Claim Deed hereto attached marked Exhibit B and made a part hereof."

that she has built substantial improvements upon the property in the amount of approximately $3,000, and that at all times she has collected the rents and profits therefrom and exercised complete dominion and control over the same without interference on the part of said plaintiff; that plaintiff never asserted any right to said property until the filing of this lawsuit on September 14, 1948; that his alleged grantor or grantors never asserted any claim or interest in said property within the past 15 years prior to the filing of this lawsuit; that said Elizabeth Roberson never took physical or constructive possession of the property involved

herein by reason of quitclaim deed from A. C. Elliott to her on September 4, 1930, a copy of which is attached to plaintiff's petition and made a part thereof. Defendant further alleged that in the administration of the estate of Elizabeth Roberson, no mention is made either in the petition for administration, nor in the general inventory, nor in the final decree, of the property involved herein. A copy of the final decree is attached to the cross-petition and made a part thereof; that the deed from the said A. C. Elliott to Elizabeth Roberson was champertous and void for the reason that the said A. C. Elliott was never in possession of the same, either actually or otherwise; that the deed from William Roberson to Frank Miles is champertous and void for the reason that the said William Roberson never had possession of said property and never took possession of it at any time and never collected the rents or profits therefrom; that any action that the plaintiff may have had is also barred by the statutes of limitation under §93, Title 12 O.S. 1941, in that said deed under which this defendant claims possession has been of record for more than two years prior to the filing of this action.

Defendant alleged in her amendment to the amended answer and amended cross-petition (1) that the said purported deed of the plaintiff, Miles, from William Roberson, Jr., is without consideration; (2) that the said deed was obtained by fraud and misrepresentation; (3) that the said William Roberson, Jr., is not a real party in interest in this lawsuit; that he did not authorize the institution of this suit.

Prayers of plaintiff and defendant were in accord with their allegations.

Trial was to the court and after plaintiff's evidence was concluded and defendant's demurrer thereto overruled, she introduced her evidence and rested, whereupon plaintiff moved for judgment, which motion was overruled and exception allowed. The cause was taken under advisement, briefs filed, and

thereafter, on July 25, 1949, the trial court found and decreed that plaintiff, Frank Miles, obtained his deed from William Roberson to the property herein described by fraud, misrepresentation, and without consideration, and that the same is champertous; that the action was instituted without the knowledge of William Roberson and that said William Roberson is not a party to the action; that said deed is therefore champertous and void and should be canceled, set aside, and held for naught, and that the title to the north half of lot 13, block 6, Booker Washington addition to the city of Tulsa, Oklahoma, should be quieted in defendant, Martha A. Brown, as against plaintiff, Frank Miles.

Upon motion for new trial being overruled, plaintiff appeals.

Numerous assignments of error are made, but we deem it necessary to consider only the questions of plaintiff's right to maintain the action and the validity of his quitclaim deed.

Under the jurisprudence of this state, a grantor in a champertous conveyance may maintain in his own name an action of ejectment or other action to recover possession of land from the adverse occupant, Drennan v. Harris, 67 Okla. 313, 170 P. 500; or, in grantor's name, for the benefit of the grantee, Slyman v. Alexander, 126 Okla. 232, 259 P. 224; or in the names of both grantor and grantee, Crawford v. LeFevre, 177 Okla. 508, 61 P. 2d 196, but not in the name of the grantee alone. Cox v. Fowler, 141 Okla. 110, 283 P. 995. However, plaintiff contends that the action is brought in grantor's name for his use and benefit, but if, and where, the champertous conveyance is deemed void as between the parties, as well as against the person in adverse possession, no action lies for the use and benefit of the grantee. 14 C.J.S., Champerty and Maintenance, §54, p. 389.

From plaintiff's pleadings and the undisputed evidence, it is disclosed that plaintiff and his grantor, William Roberson, had never been in possession of the property herein involved; that they had never collected the rents or profits from the property, and that the defendant had held adverse possession of the property for several years under color of title. Where one holds adversely under color of title he cannot be ejected by a person holding a deed in contravention of 21 O.S.A. §548, for the reason said deed is void against a person holding adversely. Chilton v. Dietrich, 46 Okla. 718, 148 P. 1045. Thus, as between the plaintiff, Miles, and defendant herein, the deed was champertous and void.

The defendant contends that the deed of Miles is void as between grantor and grantee therein and by reason thereof no action may be maintained for the use and benefit of the grantee. Plaintiff contends, however, that the defendant cannot question the legality of his deed from the grantor. But since the defendant filed a cross-petition, asserting the invalidity of plaintiff, Miles', title and asking that her own title be established and quieted, the court was thereby given jurisdiction of the entire controversy. Concho Washed Sand Co. v. Sallstrom, 195 Okla. 302, 157 P. 2d 176, followed in Hall v. Pearson, 203 Okla. 221, 219 P. 2d 617.

Therefore, the ultimate question to be determined is: Was the deed from William Roberson to plaintiff, Frank Miles, for the reasons alleged, void as between them as well as the person holding adversely? If so, we are of the opinion that no action lies for the use and benefit of the grantee.

The evidence disclosed that the property was not subject to any paving tax and was valued at approximately $4,000 at the time plaintiff admittedly, through an attorney, wrote a letter to William Roberson's attorney in which he said:

"Mr. John F. Digardi,
"Lawyer
"Bank of America Bldg.
"300 Montgomery St.
"San Francisco,
"Calif.

"Re: Miles vs. Roberson

"Dear Sir:

"Mr. Miles was in the office today relative to the above matter.

"You are advised that no suit has yet been filed. The matter involves the North Half of Lot Thirteen (13) in Block Six (6) Booker Washington Addition to the City of Tulsa, Oklahoma. Which property is of nominal value and at one time was owned by Will Roberson, Sr. It has since been sold through the Courts, and there is a large paving bill against it.

"Due to a technical defect in previous transfers Mr. Miles finds it necessary to either procure a Quit Claim Deed from William Roberson, or in the alternative, make him a party defendant to a suit to quiet title to said premises.

"I would therefore recommend that Mr. Roberson execute the enclosed quit claim deed and return it to Mr. Miles. I am enclosing the sum of $5.00 which Mr. Miles has asked me to remit to cover expenses incident thereto.

"There will be no charge to Mr. Roberson for my services in connection therewith."

William Roberson, who, it appears, has no knowledge of and has taken no part in the prosecution of this cause, executed a quitclaim deed to plaintiff, Frank Miles, according to and in compliance with this letter. The quitclaim deed so obtained represents the basis for plaintiff's action and is the only interest that he ever had. The fraudulent misrepresentations therein and evidence relative thereto sustains the defendant's allegations and the finding and judgment of the trial court that the deed as between plaintiff and defendant was champertous and void, and as between William Roberson and plaintiff, it was void because obtained through fraud and without adequate considera-tion. Therefore, no action may be maintained by the grantee in the name of the grantor for the use and benefit of the grantee.

To allow the plaintiff to so maintain his action under such circumstances as exist in this case would, in effect, grant him the right to fraudulently do indirectly that which he was prohibited from doing directly. Palmer v. Uhl, 112 Conn. 125, 151 Atl. 355.

In Palmer v. Uhl, supra, it was said:

". . . the grantor in his own behalf or that of this grantee may . . . assert his right to the land, and if he secures possession this will in certain instances inure to the benefit of the grantee. Paton v. Robinson, 81 Conn. 547, 552, 71 A. 730. But the grantees cannot compel the grantor to bring suit or to permit him (the grantee) to do so in the grantor's name, for this would be to obviate the effect of the statute by indirection."

In Ruemmeli v. Cravens, 13 Okla. 342, 74 P. 908, a general rule of law is stated, which we think is applicable to the facts herein. There we said:

"Courts are instituted to carry into effect the laws of the country, and they cannot become auxiliary to the consummation of violations of law. There can be no civil right where there can be no legal remedy, and there can be no legal remedy for that which is in itself illegal. And this is true as well of contracts malum in se as of contracts malum prohibitum, for the rule is extended to such as are calculated to affect the general interests . . . of the country. Kelley v. Courter et al., 1 Okla. 277, 30 P. 372; Garst v. Love, 6 Okla. 46, 55 P. 19."

Other questions are raised which we deem unnecessary to consider.

The judgment is affirmed.

This Court acknowledges the services of Attorneys C. M. Baskin, Frank L. Warren, and Hugh M. Sandlin, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Ju-

dicial Council, and appointed by the Court.

HALLEY, V. C. J., and DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur. WELCH, CORN, and GIBSON, JJ., dissent.

