**Don JOHNSTON, guardian of the person and the Estate of Dora L. Johnston, an incompetent person, Plaintiff,**

v.

**William M. FANCHER and Robert W. Bartlett, Defendants.**

**No. CIV–76–1039–D.**

United States District Court,
W. D. Oklahoma.

May 13, 1977.

**510**

Jack S. Dawson, Oklahoma City, Okl., for plaintiff.

Larry M. Weber and H. Keith Myers, Jr., Altus, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This is an action in which Plaintiff seeks actual and punitive damages from Defendants for fraudulently inducing Plaintiff's incompetent ward to sell certain real property located in Hollis, Oklahoma, to Defendants for $8,000.00 when the actual value of said property was $15,000.00. Prior to bringing this action, Plaintiff, a Texas resident, was appointed guardian of the person and estate of Dora L. Johnston by the District Court of Harmon County, Oklahoma. It is asserted that this Court has jurisdiction of the instant action based upon diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Defendants have filed herein a Motion to Dismiss upon the grounds that Plaintiff lacks the legal capacity to bring this action. Said Motion is supported by a Brief and Plaintiff has filed a Response to said Motion.

In support of their Motion, Defendants contend that 12 Okla.Stat.1971 § 775 [1] [sic] prohibits Plaintiff from being appointed

---

1. Intended citation was apparently 58 Okla. Stat. 1971 § 775. Said section provides in part as follows:

"No person who has not been a resident, in good faith, of the State of Oklahoma for one (1) year past shall be appointed guardian of the property or person of a minor or one of unsound mind by the State Courts of the State of Oklahoma . . . ."

guardian; that pursuant to Rule 9, Federal Rules of Civil Procedure,[2] Plaintiff is without capacity to bring this action and same should be dismissed; that this matter may be properly raised by a Motion to Dismiss; and that as it is necessary to examine pleadings and documents outside of the pleadings in this cause, Defendants' Motion may be treated as a Motion for Summary Judgment.

In his Response, Plaintiff contends that Defendants have proceeded incorrectly in that the proper procedure would have been for Defendants to file an Answer denying the necessary capacity and then move for summary judgment by an additional Motion; that even though Defendants make it appear that the state court erred in appointing Plaintiff as guardian in view of Plaintiff's Texas citizenship, said decree may not be questioned in this Court on such grounds, for such would be a collateral attack; and that 58 Okla.Stat.1971 §§ 861 et seq.[3] may allow a non-resident to serve as guardian for a non-resident ward. Plaintiff relies on *Mock v. Stricklin*, 315 P.2d 247 (Okl.1957), as prohibiting a collateral attack on letters of guardianship where county courts have found that they have the necessary jurisdiction to appoint a guardian. Plaintiff has submitted a Supplement to Response which shows that he was also appointed guardian of the person and estate of Dora L. Johnston by the County Court of Briscoe County, Texas, on April 18, 1977. Said county is where Dora L. Johnston resides.

Upon consideration of the Motion to Dismiss filed herein with supporting Brief and exhibits and Plaintiff's Response and Supplement to Response with supporting exhibits, the Court finds that said Motion should be sustained.

As Defendants and Plaintiff have each presented matters outside the pleadings in connection with said Motion, which the Court has not excluded, the Court will treat said Motion to Dismiss as a Motion for Summary Judgment pursuant to Rules 12(b) and 56, Federal Rules of Civil Procedure.

Plaintiff's contention that Defendants have proceeded incorrectly through their Motion is without merit. Lack of capacity may be raised on a Motion to Dismiss. *See,* Wright and Miller, Federal Practice and Procedure: Civil § 1360. Furthermore, as the Court will convert the instant Motion to Dismiss to a Motion for Summary Judgment, the result is the same as if Defendants had followed the procedure suggested by Plaintiff of Answering and then filing a separate Motion for Summary Judgment.

An examination of 58 Okla.Stat.1971 §§ 861–866 reveals no provisions that modify the one year residency requirement of 58 Okla.Stat.1971 § 775 or that authorize the appointment of a non-resident as a guardian under the circumstances of the instant case. The record presently before the Court indicates without dispute that Plaintiff was a resident of Texas at the time of his appointment as guardian by the Harmon County District Court and when this action was commenced. Therefore, Plaintiff's appointment does not appear to be authorized by Oklahoma law and is contrary to § 775. A federal court can review the judgment of a state court (as in effect this Court is required to do in determining Plaintiff's capacity to bring this action) when the state court entered a judgment it had no power to enter. *Daniels v. Thomas*, 225 F.2d 795 (Tenth Cir. 1955), *cert. denied*, 350 U.S. 932, 76 S.Ct. 303, 100 L.Ed. 815 (1956).

2. Rule 9, *supra,* provides in part as follows: "(a) Capacity. *It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity . . . except to the extent required to show the jurisdiction of the court.* When a party desires to raise an issue as to . . . the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

3. 58 Okla.Stat. 1971 §§ 861–866 deal specifically with guardians for non-resident wards.

**512**

 *Mock v. Stricklin, supra,* is of little aid to Plaintiff. Note 1 of the court's syllabus in *Mock* reads as follows:

"The county court in guardianship proceedings having found the necessary jurisdictional facts and having issued letters of guardianship, such guardianship proceedings are not subject to a collateral attack *unless the proceedings are void upon their face.*" (Emphasis added)

A judgment void on its face may be collaterally attacked. *Mitchell v. Village Creek Drainage District,* 158 F.2d 475 (Eighth Cir. 1947). Likewise, case law in Oklahoma has long permitted a collateral attack upon a judgment or order that is void on its face. *See, Faulkner v. Kirkes,* 276 P.2d 264 (Okl. 1954); *Crawford v. LeFevre,* 177 Okl. 508, 61 P.2d 196 (1936); *Moroney v. State,* 168 Okl. 69, 31 P.2d 926 (1934); *State v. Armstrong,* 158 Okl. 290, 13 P.2d 198 (1932); *Yawitz v. Hopkins,* 70 Okl. 158, 174 P. 257 (1918). In the instant case, it appears on the face of both the "Petition for Appointment of Guardian" and the "Order Appointing Guardian" that Plaintiff was not an Oklahoma resident as required by Oklahoma law. Therefore, the appointment of Don Johnston as Guardian of the Person and the Estate of Dora L. Johnston, an Incompetent Person, in the Harmon County District Court is void upon its face and is subject to collateral attack. In *Daniels v. Thomas, supra,* it is said:

"It is a principle as old as our dual state and federal judicial systems that a federal court is without jurisdiction to interfere with a judgment in a state court action in which the state court had jurisdiction of the subject matter and of the parties thereto. It is only when the judgment of a state court is void either because that court lacked jurisdiction of the subject matter or of the parties to the action, *or because it entered a judgment which it had no power to under the law, that such judgment may be reviewed in a federal court.*" (Emphasis supplied)

From an examination of the Motion and Brief, the Response and Supplement to Response thereto, and the exhibits submitted by both sides, the Court finds and concludes that no genuine issue of material fact exists as to Plaintiff's lack of capacity to bring this action. Therefore, Summary Judgment is appropriate and should be granted in favor of Defendants dismissing Plaintiff's Complaint.

It is so ordered this 13th day of May, 1977.